## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| RCM Technologies, Inc.<br>20 Waterview Boulevard<br>Parsippany, NJ  07054<br><br>      Plaintiff,<br><br>      v.<br><br>Beacon Hill Staffing Group, LLC<br><br>and<br><br>Kimberly A. Ayers<br>1375 Kenyon Street, N.W.<br>Apartment 414<br>Washington, DC  20010-7209<br><br>      Defendants. | )<br>)<br>)<br>) Case No.:  1:07-CV-00670 (JDB)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER OF KIMBERLY AYERS

NOW COMES Defendant Kimberly Ayers ("Ayers") and hereby files her Answer to the Complaint of Plaintiff RCM Technologies, Inc. ("RCM") as follows:

## PARTIES

1. Ayers lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 1 of the Complaint and demands strict proof thereof.

2. Ayers admits the allegations contained in Paragraph 2 of the Complaint.

3. Ayers admits that she resides in the District of Colombia and is employed by the Beacon Hill Technologies division of Beacon Hill.

## JURISDICTION AND VENUE

4. Ayers denies the allegations contained in Paragraph 4 of the Complaint.

5. Ayers denies the allegations contained in Paragraph 5 of the Complaint.

## STATEMENT OF FACTS

6. Ayers denies the allegations contained in Paragraph 6 of the Complaint.

7. Ayers admits the allegations contained in Paragraph 7 of the Complaint.

8. Ayers admits that she signed the purported Agreement and by way of further answering states that the documents speaks for itself. To the extent required, defendant denies all inferences contained in paragraph 8 of the Complaint

9. Ayers admits the allegations contained in Paragraph 9 of the Complaint.

10. Ayers admits the allegations contained in Paragraph 10 of the Complaint.

11. Ayers admits that she is employed by Beacon Hill; however, she denies that she is in a position responsible for recruiting candidates, and further denies the remaining allegations and inferences contained in paragraph 11 of the Complaint.

12. Ayers lacks sufficient knowledge and information sufficient to admit or deny the allegations contained in Paragraph 12 of the Complaint and demands strict proof thereof.

13. Ayers lacks sufficient knowledge and information sufficient to admit or deny the allegations contained in Paragraph 13 of the Complaint and demands strict proof thereof.

14. Ayers lacks sufficient knowledge and information sufficient to admit or deny the allegations contained in Paragraph 14 of the Complaint and demands strict proof thereof.

15. Ayers denies the allegations contained in Paragraph 15 of the Complaint.

16. Ayers admits that Baillie and Blackford are employed as recruiters for Beacon Hill and denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Ayers lacks sufficient knowledge and information sufficient to admit or deny the allegations contained in Paragraph 17 of the Complaint and demands strict proof thereof.

18. Ayers lacks sufficient knowledge and information sufficient to admit or deny the allegations contained in Paragraph 18 of the Complaint and demands strict proof thereof.

19. Ayers denies that Beacon Hill currently employs her to recruit personnel to staff its company clients as contained in Paragraph 19 of the Complaint, and denies the remaining allegations and inferences contained therein.

**FIRST COUNT**
**(BREACH OF CONTRACT – AYERS)**

20. Ayers repeats and incorporates by reference her answers to Paragraphs 1 through 19 as if each were fully set forth herein.

21. Ayers denies the allegations contained in Paragraph 21 of the First Count of the Complaint.

22. Ayers denies the allegations contained in Paragraph 22 of the First Count of the Complaint.

23. Ayers denies the allegations contained in Paragraph 23 of the First Count of the Complaint.

**SECOND COUNT**
**(TORTIOUS INTERFERENCE WITH CONTRACT – BEACON HILL)**

24. Ayers repeats and incorporates by reference her answers to Paragraphs 1 through 23 as if each were fully set forth herein.

25. Ayers denies the allegations contained in Paragraph 25 of the Second Count of the Complaint.

26. Ayers denies the allegations contained in Paragraph 26 of the Second Count of the Complaint.

27. Ayers denies the allegations contained in Paragraph 27 of the Second Count of the Complaint.

28. Ayers denies the allegations contained in Paragraph 28 of the Second Count of the Complaint.

### THIRD COUNT
### (TORTIOUS INTERFERENCE WITH CONTRACT – AYERS AND BEACON HILL)

29. Ayers repeats and incorporates by reference her answers to Paragraphs 1 through 28 as if each were fully set forth herein.

30. Ayers denies the allegations contained in Paragraph 30 of the Third Count of the Complaint.

31. Ayers denies the allegations contained in Paragraph 31 of the Third Count of the Complaint.

32. Ayers denies the allegations contained in Paragraph 32 of the Third Count of the Complaint.

33. Ayers denies the allegations contained in Paragraph 33 of the Third Count of the Complaint.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

RCM fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The claims by RCM violate public policy and constitute an unlawful restraint of trade.

### Third Affirmative Defense

RCM is estopped from bringing its claims in the Complaint.

### Fourth Affirmative Defense

RCM's claims are barred by laches.

### Fifth Affirmative Defense

RCM has waived its right to assert its claims stated in the Complaint.

### Sixth Affirmative Defense

RCM has failed to prove that it has suffered any harm as a direct and proximate result of conduct attributed to Ayers.

### Seventh Affirmative Defense

RCM has failed to establish any trade secrets subject to protection.

### Eighth Affirmative Defense

The agreement relied upon by RCM is void as against public policy and otherwise is not enforceable against Ayers.

### Ninth Affirmative Defense

RCM is barred from recovery under the doctrine of unclean hands.

### Tenth Affirmative Defense

The amount in controversy does not exceed the jurisdictional amount.

### Eleventh Affirmative Defense

This defendant reserves the right to assert the defense of the statute of limitations, if discovery discloses a basis therefore.

### Twelfth Affirmative Defense

The plaintiff's claims may be barred by the doctrine of waiver, release, accord and satisfaction.

**Thirteenth Affirmative Defense**

The plaintiff's claims may be barred by the legal defenses of concealment, illegality, mistake, misrepresentation and fraud.

**Fourteenth Affirmative Defense**

The plaintiff's claims may be barred by plaintiff's failure to meet a condition precedent.

**Fifteenth Affirmative Defense**

The defendant asserts all appropriate defenses which may be asserted, further denies all allegations not specifically responded to, and further reserves the right to plead additional defenses as appropriate, including but not limited to subject matter and personal jurisdiction and venue.

WHEREFORE, Defendant Kimberly Ayers hereby requests this honorable court to (1) enter judgment in her favor against Plaintiff on all counts of the Complaint; (2) dismiss with prejudice all counts of the Complaint; (3) deny the request for relief sought by RCM; (4) award attorney's fees and costs incurred in defending this action; and (5) grant such other further relief as this court deems just and proper.

    Respectfully submitted,

    **ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: *Edward J. Longosz, II*
Edward J. Longosz, II (#368932)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1747 Pennsylvania Avenue, NW, Suite 1200
Washington, DC  20006
TEL:  202/659-6600
FAX:  202/659-6699
Counsel for Defendant Beacon Hill Staffing Group, LLC

Of Counsel:

Robert W. Levy, Esquire
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110-2602
TEL: (617) 342-6800
FAX: (617) 342-6899

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing **Answer of Defendant Kimberly Ayers** was electronically served this 21st day of June, 2007, to:

>R. Michael Smith, Esquire
>Gordon Feinblatt Rothman Hoffberger
> & Hollander, LLC
>23 East Redwood Street
>Baltimore, MD 21202


>*Edward J. Longosz, II*
>Edward J. Longosz, II