UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RCM Technologies, Inc.,** | * | Case No. 1:07-CV-00670-JDB |
| Plaintiff, | * | |
| vs. | * | |
| **Beacon Hill Staffing Group, LLC,** *et al.,* | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT**

Plaintiff, RCM Technologies, Inc. ("RCM"), moves pursuant to Federal Rule of Civil Procedure 15 for leave to file the attached Verified Amended Complaint. RCM states the following grounds for this motion:

1. Since filing the Complaint, RCM has obtained information which indicates that two former employees, namely, Scott Baillie and William Blackford, have breached their Non-Disclosure/Non-Solicitation/Non-Competition Agreements ("Agreements") with RCM by, *inter alia,* accepting employment with Defendant, Beacon Hill Staffing Group, LLC ("Beacon Hill") and soliciting and servicing RCM customers.

2. As more fully described in the Amended Complaint, RCM has also obtained information which indicates that: (a) Beacon Hill and Defendant, Kimberly A. Ayers ("Ayers"), have tortiously interfered with the Agreements signed by Baillie and Blackford; (b) Beacon Hill has tortiously interfered with RCM's business expectations; and (c) Defendants have used and disclosed RCM's Confidential Information and trade secrets.

4. The parties have not conducted any discovery in this case and Ayers and Beacon Hill will not be prejudiced in any way by permitting RCM to file the Amended Complaint.

5. Beacon Hill and Ayers have not taken a position regarding this motion.

Respectfully submitted,

_/s/ R. Michael Smith_
R. Michael Smith (D.C. Bar No. 372654)
Charles R. Bacharach (D.C. Bar No.448842)
Gordon, Feinblatt, Rothman,
 Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland 21202-3332
410-576-4174
Attorneys for RCM Technologies, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July, 2007, a copy of the foregoing Plaintiff's Motion for Leave to File Amended Complaint was mailed, first-class, postage prepaid, to:

Edward J. Longosz, II (D.C. Bar No.368932)
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Ave., NW
Suite 1200
Washington, D.C. 20006
(202) 659-6600
Attorneys for Beacon Hill Staffing Group, LLC and
Kimberly A. Ayers

Of Counsel:
Robert W. Levy
Eckert Seamans Cherin & Mellott, LLC
One International Place
18th Floor
Boston, MA 02110-2602
(617) 342-6800

_/s/ R. Michael Smith_
R. Michael Smith

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RCM Technologies, Inc., | * | Case No. 1:07-CV-00670-JDB |
| Plaintiff, | * | |
| vs. | | |
| | * | |
| Beacon Hill Staffing Group, LLC, *et al.*, | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

The Court, having fully considered Plaintiff's Motion For Leave To File Amended Complaint and the other papers on file in this action, GRANTS that motion.

Date: _____, 2007     _____
                                                                            JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RCM Technologies, Inc., | * | |
| Plaintiff, | * | |
| v. | * | |
| Beacon Hill Staffing Group, LLC, | * | Case No. 1:07-CV-00670-JDB |
| and | * | |
| Kimberly A. Ayers, | * | |
| William Blackford,<br>4201 Lee Highway<br># 104<br>Arlington, VA  22207, | *<br><br>*<br><br>* | |
| and | * | |
| Scott Baillie<br>14906 McKisson Court<br># A<br>Silver Spring, MD  20906, | *<br><br>* | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**VERIFIED AMENDED COMPLAINT**

Plaintiff, RCM Technologies, Inc. ("RCM"), states as follows:

**PARTIES**

1.  RCM is a Nevada corporation with its principal place of business in Parsippany, New Jersey.  RCM is engaged in the business of providing contract and temporary employees to perform technical and IT development services for the company's customers.

2.  Beacon Hill Staffing Group, LLC ("Beacon Hill") is a Massachusetts limited liability company with its principal business in Boston, Massachusetts and with an office in the District of Columbia.  Beacon Hill is engaged in the business of providing contract and temporary employees to perform technical and IT services for the company's customers.

583108.1
7/26/2007
30462/102329

3. Kimberly Ayers ("Ayers") is a citizen of the District of Columbia who is employed by Beacon Hill.

4. William Blackford ("Blackford"), a citizen of the Commonwealth of Virginia, is employed by Beacon Hill at that company's office in the District of Columbia.

5. Scott Baillie ("Baillie"), a citizen of the State of Maryland, is employed by Beacon Hill at that company's office in the District of Columbia.

## JURISDICTION AND VENUE

6. This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332.

7. This Court is a proper venue for this case pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

8. From August 2006 until November 2006, RCM employed Ayers as a Senior Technical Recruiter at RCM's office in Rockville, Maryland.

9. As a Senior Technical Recruiter, Ayers was responsible, among other things, for recruiting candidates for RCM's technical and IT development staffing needs.

10. When RCM hired Ayers, she signed a Non-Disclosure/Non-Solicitation/Non-Competition Agreement ("Agreement") which provides in paragraphs 3, 4, and 5 as follows:

> **3. Trade Secrets**
>
> Due to the nature of the Company's business, maintaining confidentiality of information regarding the Company's operations, activities and plans is especially important. Employee has an affirmative obligation to protect the Company's information. The parties acknowledge and agree that trade secret and confidential and proprietary information are valuable assets of the Company. Solely by virtue of specialized employment with the Company, Employee will acquire knowledge of and gain access to trade secrets and confidential and proprietary information of the Company. Such trade secrets and confidential and proprietary information is defined as all items, materials, and information (whether or not reduced to writing and whether or not patentable or copyrightable) which belong to the Company, relate to the present or future business of the Company, are kept confidential or secret by the Company, or are not generally known in the industry in which the Company is engaged.

2

Trade secrets and confidential and proprietary information includes, without limitation, customer lists, personnel lists, fee schedules, training manuals and materials, devices, inventions, processes and compilations of information, records and specifications, computer database, programs and software, financial data and plans, profit margins and pricing policies and practices, sales and marketing techniques, history, and data forecasts, and personnel training techniques, materials and any Protected Health Information (PHI) that is covered by HIPAA (hereinafter collectively referred to as "Confidential Information"). The failure to designate particular information as confidential and/or proprietary and/or secret shall not preclude any later claim by the Company that such information is confidential and/or proprietary and/or secret. Employee agrees that he/she shall not disclose to any individual, corporation, firm or other entity, any Confidential Information, directly or indirectly, or in any way use, or cause, facilitate or allow any third party to use, Confidential Information in any way, either during the term of his/her employment or for one year thereafter, except as required in the course of his/her employment with the Company.

All Confidential Information provided to Employee during his/her employment is the exclusive property of the Company and/or its customers. No Confidential Information or copies, summaries or compilations of any kind will be removed from the Company's premises or the premises of the Company's customers under any circumstances whatsoever without prior written consent of the Company. Employee will return all Confidential Information, including copies, summaries or compilations of such information to the Company upon termination of employment or at any other time at the request of the Company.

**4.     Non-Solicitation**

Employee agrees that he/she will not, during the term of his/her employment or for one year thereafter, do or commit any of the following acts:

a.     Induce, entice, hire or attempt to hire or employ any person or entity, whether an employee of the Company or an independent contractor or a third party consultant or any other person or entity providing services to, for or on behalf of the Company, either directly or on behalf of an individual or other entity who provides the same or similar services, processes, or products as the Company.

b.     Induce, or attempt to induce any person or entity, whether an employee of the Company or an independent contractor or a third party consultant of any other person or entity of providing services to, for or on behalf of the Company, to leave the employ of or cease doing business with or cease providing services to or cease being otherwise affiliated with the Company.

c.     Induce , or attempt to induce, any customer, supplier, vendor or any other person to cease doing business with the Company.

d.     Induce, or attempt to induce any individual to violate the provisions or prohibitions contained in the Agreement.

3

     **5.**    **Non-Competition.**

        The services provided by Employee are of a special, unique and extraordinary nature. Employee shall not directly or indirectly (whether as owner, partner, consultant, employee or otherwise) at any time during his/her employment with the Company or any subsidiary or affiliate, or during the one-year period following termination, engage in or contribute his/her knowledge to any work or activity that involves a product, process, apparatus, or service which is then competitive with, or similar to, a product, process, apparatus or service provided directly or indirectly by the Company. The limitations and restrictions contained in this paragraph shall apply only to a) present and former customers of the Company, irrespective of where located, to or for whom the Employee, while employed by the Company, has directly or indirectly provided services or caused the Company to provide services within the twelve months prior to the date of his/her termination of employment, or b) prospective customer/customers of the Company, irrespective of where located, to whose potential business the Company has given specific development attention within the twelve months prior to the date of his/her termination of employment.

A copy of the Agreement is Exhibit 1 to this Amended Complaint.

    11.    On or about December 1, 2006, Ayers resigned from her employment with RCM.

    12.    When Ayers resigned, she told RCM that she was resigning for personal reasons.

    13.    In or about January 2007, Ayers began working for Beacon Hill in a position responsible for recruiting candidates to staff that company's contracts with its customers.

    14.    Beacon Hill is a direct competitor of RCM in the Washington Metropolitan Area.

    15.    As of May 17, 2006, RCM employed Baillie and Blackford as Technical Recruiters.

    16.    When hired by RCM, Baillie and Blackford signed contracts with terms identical to the provisions of Ayers' Agreement with RCM. Copies of those contracts are Exhibits 2 and 3 to this Amended Complaint.

    17.    Ayers worked with Baillie and Blackford while she was employed by RCM.

    18.    After Ayers was hired by Beacon Hill, Ayers and Beacon Hill induced, enticed, and attempted to hire Baillie and Blackford to work as Recruiters for Beacon Hill.

    19.    On December 14, 2006, Baillie and Blackford resigned from their employment with RCM.

20. When Baillie and Blackford resigned, they gave RCM no reason for doing so.

21. Beacon Hill currently employs Ayers, Baillie and Blackford to recruit personnel to staff that company's customers.

22. While employed by Beacon Hill, Ayers, Baillie, and Blackford: (a) have solicited and/or serviced RCM customers whom they serviced and/or solicited during their last 12 months of employment with RCM; and (b) have induced, enticed, hired, attempted to hire, or employed individuals whom RCM has used to staff RCM's customers.

## FIRST COUNT
### (BREACH OF CONTRACT—AYERS)

23. RCM incorporates by reference the allegations in paragraphs 1 through 22.

24. Ayers has breached the Agreement by performing services for Beacon Hill.

25. Ayers has breached her Agreement with RCM by: (a) inducing, enticing, hiring and employing Baillie and Blackford to work for Beacon Hill; (b) soliciting RCM's customers and prospective customers on Beacon Hill's behalf; (c) inducing, enticing, soliciting, and attempting to hire on Beacon Hill's behalf individuals whom RCM has used to staff RCM's customers; and (d) utilizing and disclosing RCM's Confidential Information.

26. Ayers' breach of her Agreement with RCM caused RCM to sustain consequential damages.

27. Ayers' breach of her Agreement with RCM has caused and, unless enjoined, will continue to cause immediate and irreparable harm to RCM for which no adequate legal remedy exists.

## SECOND COUNT
### (TORTIOUS INTERFERENCE WITH CONTRACT—BEACON HILL)

28. RCM incorporates by reference the allegations in paragraphs 1 through 27.

29. Beacon Hill intentionally and knowingly solicited, recruited, hired, and employed Ayers to work in a capacity that breached the terms of her Agreement with RCM.

5

30. Beacon Hill has acted tortiously in soliciting, recruiting, hiring, and employing Ayers in violation of her Agreement with RCM.

31. Beacon Hill's tortious conduct has caused RCM to sustain compensatory damages.

32. In soliciting, recruiting, hiring, and employing Ayers, Beacon Hill acted knowingly, intentionally, maliciously, and in willful disregard of RCM's rights and interests.

33. Beacon Hill's tortious conduct has caused and, unless enjoined, will continue to cause immediate and irreparable harm to RCM for which no adequate legal remedy exists.

### THIRD COUNT
### (TORTIOUS INTERFERENCE WITH CONTRACT—AYERS AND BEACON HILL)

34. RCM incorporates by reference the allegations in paragraphs 1 through 33.

35. Ayers and Beacon Hill intentionally and knowingly induced, enticed, attempted to hire, hired, and employed Baillie and Blackford to work for Beacon Hill in a capacity that breached the terms of the Agreements signed by Baillie and Blackford while employed by RCM.

36. Ayers and Beacon Hill acted tortiously in inducing, enticing, attempting to hire, hiring, and employing Baillie and Blackford in violation of their Agreements with RCM.

37. The tortious conduct of Ayers and Beacon Hill has caused RCM to sustain compensatory damages.

38. In inducing, enticing, attempting to hire, hiring, and employing Baillie and Blackford, Ayers and Beacon Hill acted knowingly, intentionally, maliciously, and in willful disregard of RCM's rights and interests.

39. The tortious conduct of Ayers and Beacon Hill has caused and, unless enjoined, will continue to cause immediate and irreparable harm to RCM for which no adequate legal remedy exists.

6

## FOURTH COUNT
## (BREACH OF CONTRACT—BLACKFORD)

40.     RCM incorporates by reference the allegations in paragraphs 1 through 37.

41.     Blackford has breached his Agreement with RCM by: (a) performing services for Beacon Hill; (b) soliciting and servicing RCM's customers and prospective customers; (c) inducing, enticing, soliciting, and attempting to hire on Beacon Hill's behalf individuals whom RCM has used to staff RCM's customers; and (d) utilizing and disclosing RCM's Confidential Information.

42.     Blackford's breach of his Agreement with RCM caused RCM to sustain consequential damages.

43.     Blackford's breach of his Agreement with RCM has caused and, unless enjoined, will continue to cause immediate and irreparable harm to RCM for which no adequate legal remedy exists.

## FIFTH COUNT
## (BREACH OF CONTRACT—BAIILIE)

44.     RCM incorporates by reference the allegations in paragraphs 1 through 43.

45.     Baillie has breached his Agreement with RCM by: (a) performing services for Beacon Hill; (b) soliciting and servicing RCM's customers and prospective customers; (c) inducing, enticing, soliciting, and attempting to hire on Beacon Hill's behalf individuals whom RCM has used to staff RCM's customers; and (d) utilizing and disclosing RCM's Confidential Information.

46.     Baillie's breach of his Agreement with RCM caused RCM to sustain consequential damages.

47.     Baillie's breach of his Agreement with RCM has caused and, unless enjoined, will continue to cause immediate and irreparable harm to RCM for which no adequate legal remedy exists.

583108.1
7/26/2007
30462/102329

## SIXTH COUNT
### (TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE—BEACON HILL)

48. RCM incorporates by reference the allegations in paragraphs 1 through 47.

49. RCM has tortiously and intentionally interfered with RCM's prospective business advantage by: (a) employing Ayers, Baillie, and Blackford in a manner which breached their Agreements; (b) soliciting and servicing RCM's customers and prospective customers; (c) inducing, enticing, soliciting, and attempting to hire on Beacon Hill's behalf individuals whom RCM has used to staff RCM's customers; and (d) utilizing and disclosing RCM's trade secrets and Confidential Information.

50. Beacon Hill's tortious conduct has caused RCM to sustain compensatory damages.

51. Beacon Hill acted knowingly, intentionally, maliciously, and in willful disregard of RCM's rights and interests by interfering with RCM's prospective business advantage related to; (a) Ayers, Blackford, and Baillie; (b) RCM's customers and prospective customers; and (c) individuals whom RCM has used to staff RCM's customers.

52. Beacon Hill's tortious conduct has caused and, unless enjoined, will continue to cause immediate and irreparable harm to RCM for which no adequate legal remedy exists.

## SEVENTH COUNT
### (VIOLATION OF TRADE SECRETS ACT— BEACON HILL, AYERS, BLACKFORD, AND BAILLIE)

53. RCM incorporates by reference the allegations in paragraphs 1 through 52.

54. RCM compiles and maintains confidential information ("the Trade Secrets"), including but not limited to customer lists, profit margins, business plans, marketing strategies and plans, and data regarding personnel whom RCM uses to staff RCM's customers, which constitute "trade secrets" as defined by the District of Columbia Trade Secrets Act (D.C. Code § 36-401(4)).

55. RCM provided Ayers, Blackford, and Baillie with access to RCM's Trade Secrets while RCM employed them.

583108.1
7/26/2007
30462/102329

56. Beacon Hill, Ayers, Blackford, and Baillie have misappropriated RCM's Trade Secrets for use on Beacon Hill's behalf in: (a) soliciting and servicing RCM's customers; and (b) inducing, enticing, soliciting, and attempting to hire on Beacon Hill's behalf individuals whom RCM has used to staff RCM's customers.

57. RCM has sustained economic harm and Beacon Hill, Ayers, Blackford, and Baillie have been unjustly enriched as the result of the misappropriation of RCM's Trade Secrets.

58. Beacon Hill, Ayers, Blackford, and Baillie have acted willfully and maliciously in misappropriating RCM's Trade Secrets.

59. The misappropriation of RCM's Trade Secrets by Beacon Hill, Ayers, Blackford, and Baillie has caused and, unless enjoined, will continue to cause immediate and irreparable harm to RCM for which no adequate legal remedy exists.

WHEREFORE, RCM asks the Court for the following relief:

1. Judgment, jointly and severally, against Ayers and Beacon Hill for: (1) compensatory, consequential, and punitive damages in an amount that will be proven at trial and that will exceed $75,000.00;

2. Judgments against Baillie and Blackford for consequential and punitive damages in an amount that will be proven and trial and that will exceed $75,000.00;

3. A temporary restraining order and preliminary and permanent injunctions against Ayers, Blackford, and Baillie directing them to fully comply with their Agreements with RCM and restraining them from: (a) performing services for Beacon Hill in a manner which breaches their Agreements with RCM; and (b) misappropriating RCM's trade secrets and other Confidential Information;

4. A temporary restraining order and preliminary and permanent injunctions against Beacon Hill directing Beacon Hill to refrain from: (a) employing Ayers, Blackford, and Baillie in a manner that breaches their Agreements with RCM; and (b) misappropriating RCM's trade secrets and other Confidential Information;

9

5. An accounting by Beacon Hill, Ayers, Blackford, and Baillie of all revenue, compensation, and profits obtained by them as a result of their unlawful conduct;

6. Award RCM the costs, attorneys' fees, and litigation expenses incurred in conjunction with this action; and

7. Award RCM such other relief deemed appropriate by the Court.

## JURY DEMAND

RCM demands a jury trial on all claims properly triable to a jury.

Respectfully submitted,

*/s/ R. Michael Smith*

R. Michael Smith (D.C. Bar No. 372654)
Charles R. Bacharach (D.C. Bar No. 448842)
Gordon, Feinblatt, Rothman,
 Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland 21202-3332
410-576-4174
Attorneys for RCM Technologies, Inc.

10

## VERIFICATION

I declare under the penalty of perjury that the statements in the foregoing Verified Amended Complaint are true and correct to the best of my knowledge, information, and belief. Executed on July 26, 2007.

_____
CRAIG PARK

604866.1
7/26/2007
30462/102329