IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RCM Technologies, Inc. | ) |
| | ) |
|     Plaintiff, | ) |
| | )   Case No.: 1:07-CV-00670 (JDB) |
| v. | ) |
| | ) |
| Beacon Hill Staffing Group, LLC, et al. | ) |
| | ) |
|     Defendants. | ) |

**ANSWER OF WILLIAM BLACKFORD, JR.
TO THE AMENDED COMPLAINT**

Defendant William Blackford, Jr. ("Blackford") hereby files his Answer to the Amended Complaint of Plaintiff RCM Technologies, Inc. ("RCM") as follows:

**PARTIES**

1. Blackford lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 1 of the Amended Complaint and demands strict proof thereof.

2. Blackford admits the allegations contained in Paragraph 2 of the Amended Complaint.

3. Blackford lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 3 of the Amended Complaint and demands strict proof thereof.

4. Blackford admits that he resides in the Commonwealth of Virginia and is employed by the Beacon Hill Technologies division of Beacon Hill.

5. Blackford lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 5 of the Amended Complaint and demands strict proof thereof.

## JURISDICTION AND VENUE

6. Blackford denies the allegations contained in Paragraph 6 of the Amended Complaint.

7. Blackford denies the allegations contained in Paragraph 7 of the Amended Complaint.

## STATEMENT OF FACTS

8. Blackford lacks sufficient knowledge and information sufficient to admit or deny the allegations contained in Paragraph 8 of the Amended Complaint and demands strict proof thereof.

9. Blackford lacks sufficient knowledge and information sufficient to admit or deny the allegations contained in Paragraph 9 of the Amended Complaint and demands strict proof thereof.

10. Blackford lacks sufficient knowledge and information sufficient to admit or deny the allegations contained in Paragraph 10 of the Amended Complaint and demands strict proof thereof.

11. Blackford lacks sufficient knowledge and information sufficient to admit or deny the allegations contained in Paragraph 11 of the Amended Complaint and demands strict proof thereof.

12. Blackford lacks sufficient knowledge and information sufficient to admit or deny the allegations contained in Paragraph 12 of the Amended Complaint and demands strict proof thereof.

13.     Blackford lacks sufficient knowledge and information sufficient to admit or deny the allegations contained in Paragraph 13 of the Amended Complaint and demands strict proof thereof.

14.     Blackford denies the allegations contained in Paragraph 14 of the Amended Complaint.

15.     Blackford admits the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Blackford admits that he signed the purported Agreement and by way of further answering states that the document speaks for itself. To the extent required, defendant denies all inferences contained in paragraph 16 of the Amended Complaint.

17.     Blackford admits that he, Ayers and Baillie were employed by RCM. To the extent required, defendant denies all inferences contained in paragraph 17 of the Amended Complaint.

18.     Blackford admits that Ayers and Baillie are employed as recruiters for Beacon Hill and denies the remaining allegations contained in Paragraph 18 of the Amended Complaint.

19.     Blackford admits that he resigned his employment with Beacon Hill on December 14, 2006 and lacks sufficient knowledge and information sufficient to admit or deny the remaining allegations contained in Paragraph 19 of the Amended Complaint and demands strict proof thereof.

20.     Blackford denies the allegations contained in Paragraph 20 of the Amended Complaint.

21. Blackford admits that Beacon Hill currently employs him to recruit personnel to staff its company customers as contained in Paragraph 21 of the Amended Complaint, and denies the remaining allegations and inferences contained therein.

22. Blackford denies the allegations contained in Paragraph 22 of the Amended Complaint.

## FIRST COUNT
## (BREACH OF CONTRACT – AYERS)

23. Blackford repeats and incorporates by reference his answers to Paragraphs 1 through 22 as if each were fully set forth herein.

24. Blackford denies the allegations contained in Paragraph 24 of the First Count of the Amended Complaint.

25. Blackford denies the allegations contained in Paragraph 25 of the First Count of the Amended Complaint.

26. Blackford denies the allegations contained in Paragraph 26 of the First Count of the Amended Complaint.

27. Blackford denies the allegations contained in Paragraph 27 of the First Count of the Amended Complaint.

## SECOND COUNT
## (TORTIOUS INTERFERENCE WITH CONTRACT – BEACON HILL)

28. Blackford repeats and incorporates by reference his answers to Paragraphs 1 through 27 as if each were fully set forth herein.

29. Blackford denies the allegations contained in Paragraph 29 of the Second Count of the Amended Complaint.

30. Blackford denies the allegations contained in Paragraph 30 of the Second Count of the Amended Complaint.

31. Blackford denies the allegations contained in Paragraph 31 of the Second Count of the Amended Complaint.

32. Blackford denies the allegations contained in Paragraph 32 of the Second Count of the Amended Complaint.

33. Blackford denies the allegations contained in Paragraph 33 of the Second Count of the Amended Complaint.

### THIRD COUNT
### (TORTIOUS INTERFERENCE WITH CONTRACT – AYERS AND BEACON HILL)

34. Blackford repeats and incorporates by reference his answers to Paragraphs 1 through 33 as if each were fully set forth herein.

35. Blackford denies the allegations contained in Paragraph 35 of the Third Count of the Amended Complaint.

36. Blackford denies the allegations contained in Paragraph 36 of the Third Count of the Amended Complaint.

37. Blackford denies the allegations contained in Paragraph 37 of the Third Count of the Amended Complaint.

38. Blackford denies the allegations contained in Paragraph 38 of the Third Count of the Amended Complaint.

39. Blackford denies the allegations contained in Paragraph 39 of the Third Count of the Amended Complaint.

## FOURTH COUNT
## (BREACH OF CONTRACT – BLACKFORD)

40. Blackford repeats and incorporates by reference his answers to Paragraphs 1 through 39 as if each were fully set forth herein.

41. Blackford denies the allegations contained in Paragraph 41 of the Fourth Count of the Amended Complaint.

42. Blackford denies the allegations contained in Paragraph 42 of the Fourth Count of the Amended Complaint.

43. Blackford denies the allegations contained in Paragraph 43 of the Fourth Count of the Amended Complaint.

## FIFTH COUNT
## (BREACH OF CONTRACT – BAILLIE)

44. Blackford repeats and incorporates by reference his answers to Paragraphs 1 through 43 as if each were fully set forth herein.

45. Blackford denies the allegations contained in Paragraph 45 of the Fifth Count of the Amended Complaint.

46. Blackford denies the allegations contained in Paragraph 46 of the Fifth Count of the Amended Complaint.

47. Blackford denies the allegations contained in Paragraph 47 of the Fifth Count of the Amended Complaint.

## SIXTH COUNT
## (TORTIOUS INTERFERENCE WITH PROSPECTIVE
## BUSINESS ADVANTAGE – BEACON HILL)

48. Blackford repeats and incorporates by reference his answers to Paragraphs 1 through 47 as if each were fully set forth herein.

49. Blackford denies the allegations contained in Paragraph 49 of the Sixth Count of the Amended Complaint.

50. Blackford denies the allegations contained in Paragraph 50 of the Sixth Count of the Amended Complaint.

51. Blackford denies the allegations contained in Paragraph 51 of the Sixth Count of the Amended Complaint.

52. Blackford denies the allegations contained in Paragraph 52 of the Sixth Count of the Amended Complaint.

**SEVENTH COUNT**
**(VIOLATION OF TRADE SECRETS ACT –**
**BEACON HILL, AYERS, BLACKFORD, AND BAILLIE)**

53. Blackford repeats and incorporates by reference his answers to Paragraphs 1 through 52 as if each were fully set forth herein.

54. Blackford denies the allegations contained in Paragraph 54 of the Seventh Count of the Amended Complaint.

55. Blackford denies the allegations contained in Paragraph 55 of the Seventh Count of the Amended Complaint.

56. Blackford denies the allegations contained in Paragraph 56 of the Seventh Count of the Amended Complaint.

57. Blackford denies the allegations contained in Paragraph 57 of the Seventh Count of the Amended Complaint.

58. Blackford denies the allegations contained in Paragraph 58 of the Seventh Count of the Amended Complaint.

59.     Blackford denies the allegations contained in Paragraph 59 of the Seventh Count of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

RCM fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The claims by RCM violate public policy and constitute an unlawful restraint of trade.

### Third Affirmative Defense

RCM is estopped from bringing its claims in the Amended Complaint.

### Fourth Affirmative Defense

RCM's claims are barred by laches.

### Fifth Affirmative Defense

RCM has waived its right to assert its claims stated in the Amended Complaint.

### Sixth Affirmative Defense

RCM has failed to prove that it has suffered any harm as a direct and proximate result of conduct attributed to Blackford.

### Seventh Affirmative Defense

RCM has failed to establish any trade secrets subject to protection.

### Eighth Affirmative Defense

The agreement relied upon by RCM is void as against public policy and otherwise is not enforceable against Blackford.

### Ninth Affirmative Defense

RCM is barred from recovery under the doctrine of unclean hands.

8

### Tenth Affirmative Defense

The amount in controversy does not exceed the jurisdictional amount.

### Eleventh Affirmative Defense

This defendant reserves the right to assert the defense of the statute of limitations, if discovery discloses a basis therefore.

### Twelfth Affirmative Defense

The plaintiff's claims may be barred by the doctrine of waiver, release, accord and satisfaction.

### Thirteenth Affirmative Defense

The plaintiff's claims may be barred by the legal defenses of concealment, illegality, mistake, misrepresentation and fraud.

### Fourteenth Affirmative Defense

The plaintiff's claims may be barred by plaintiff's failure to meet a condition precedent.

### Fifteenth Affirmative Defense

The Amended Complaint fails to set forth sufficient facts to establish a basis for injunctive relief.

### Sixteenth Defense

The defendant asserts all appropriate defenses which may be asserted, further denies all allegations not specifically responded to, and further reserves the right to plead additional defenses as appropriate, including but not limited to subject matter and personal jurisdiction and venue.

WHEREFORE, Defendant William Blackford, Jr. hereby requests this honorable court to (1) enter judgment in his favor against Plaintiff on all counts of the Amended Complaint; (2) dismiss with prejudice all counts of the Amended Complaint; (3) deny the request for relief sought by RCM; (4) award attorney's fees and costs incurred in defending this action; and (5) grant such other further relief as this court deems just and proper.

Respectfully submitted,

**ECKERT SEAMANS CHERIN
& MELLOTT, LLC**

By: _____*Edward J. Longosz, II*_____
Edward J. Longosz, II (#368932)
Mark A. Johnston (#455764)
1747 Pennsylvania Avenue, NW, Suite 1200
Washington, DC  20006
(202) 659-6619

Counsel for Defendants Beacon Hill Staffing
  Group, LLC, Kimberly Ayers, Scott M. Baillie
  and William Blackford, Jr.

Of Counsel:

Robert W. Levy, Esquire
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110-2602
(617) 342-6800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Answer of Defendant William Blackford, Jr. to the Amended Complaint** was electronically served this 17th day of August, 2007, to:

> R. Michael Smith, Esquire
> Gordon Feinblatt Rothman Hoffberger
>  & Hollander, LLC
> 23 East Redwood Street
> Baltimore, MD 21202

>                  *Edward J. Longosz, II*
>                  Edward J. Longosz, II