IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RCM Technologies, Inc. )<br>)<br>    Plaintiff, )<br>) <br>    v. )<br>)<br>Beacon Hill Staffing Group, LLC, et al. )<br>)<br>    Defendants. ) | Case No.: 1:07-CV-00670 (JDB) |

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO SEAL**

Defendants, Beacon Hill Staffing Group, LLC ("Beacon Hill") and Kimberly A. Ayers ("Ayers"), by undersigned counsel, and pursuant Local Civil Rule 5.1 and Local Civil Rule 7, hereby submit the following in opposition to Plaintiff's Motion to Seal and state as follows:

1. This matter arises from a dispute between Plaintiff, RCM Technologies, Inc. ("RCM") and Defendants concerning Beacon Hill's employment of former RCM employees in alleged violation of Non-Compete Agreements ("Agreements") between RCM and those former employees.

2. On July 31, 2007, RCM filed an Application for Temporary Restraining Order, and on August 3, 2007, RCM filed a Supplemental Memorandum in Support of Plaintiff's Application for Temporary Restraining Order. Attached as exhibits to both Plaintiff's Application and Supplemental Memorandum were numerous documents which RCM placed in the public domain and cannot claim are confidential or contain trade secrets. RCM did not file a motion to seal at the time of either filing.

3. On August 6, 2007, Defendants filed an Opposition to Plaintiff's Application for Temporary Restraining Order on the grounds that, *inter alia*, RCM failed to establish a likelihood of success on the merits; RCM could not prove irreparable harm if the Court denied the Application because Plaintiff had failed to move for injunctive relief for 8 months after its former employees left their jobs with RCM, more than 3 months after filing its original Complaint and there is now less than four months left on any potential restrictive period; and that the employee defendants did not violate the terms of their Agreements with RCM because they did not possess any confidential information, nor did RCM's information constitute trade secrets under D.C. law. As support, Defendants stated that the alleged confidential information and trade secrets which RCM were claiming required Court protection were readily available on the internet, and RCM had made this information available to the general public when it filed its exhibits with the Court and placed those documents in the public record.

4. On August 8, 2007, apparently in response to Defendants' Opposition, RCM filed a Motion to Seal. However, the Motion does not identify which documents RCM is asking the Court to seal. Rather, RCM states that it "has filed and expects to file information which RCM considers to be confidential" and that it expects Defendants to also file confidential documents under seal in this matter. Pl.'s Mtn., ¶¶ 1,2. RCM's broad, general statement that there may be confidential documents filed with the Court in this matter does not comply with the Rules of this Court for requesting that a document be placed under seal.

5. Local Civil Rule 5.1(j)(1) states:

> Absent statutory authority, no cases or documents may be sealed without an order from the Court. Any pleading filed with the intention of being sealed shall be accompanied by a motion to seal. The document will be treated as sealed, pending the outcome of the

ruling on the motion. Failure to file a motion to seal will result in the pleading being placed in the public record.

Pursuant to the Rules of this Court, the documents previously filed in this case by RCM are already in the public record, and have been available to the general public for more than a week.

6. RCM further contends that the parties agreed that a Protective Order would be submitted to the Court. RCM however provided counsel for Defendants with a draft Protective Order after it filed the Motion for Temporary Restraining Order, and after the Opposition was filed, apparently as an afterthought, but the parties have not agreed upon terms of the Protective Order and the Court has not entered a Protective Order in this case. Moreover, RCM's proposed Protective Order applies to disclosures of confidential information in discovery only and requires the parties to file a motion to seal pursuant to LCvR 5.1(j)(1) when filing confidential documents with the Court. The fact that the parties have agreed that a Protective Order may be necessary in the exchange of discovery in this matter does not alter the parties' obligation to comply with the Rules of this Court in filing documents under seal.

7. Plaintiff's Motion to Seal does not identify which documents RCM is requesting the Court to seal. Documents previously filed in this matter are in the public record, and have been for more than one week. Therefore, RCM's broad general request to seal all documents in this matter, in addition to its filing of the same documents with the Court without a motion to seal, suggests that RCM's documents are simply not confidential. Plaintiff made no attempt to identify confidential documents in any of its filings, and fails to do so in its Motion. For the foregoing reasons, Defendants oppose Plaintiff's Motion to Seal.

WHEREFORE, Defendants, Beacon Hill Staffing Group, LLC and Kimberly A. Ayers respectfully request that the Court deny Plaintiff's Motion to Seal.

...

Respectfully Submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By:     *Edward J. Longosz, II*
       Edward J. Longosz, II, (#368932)
       Mark A. Johnston, (#455764)
       1747 Pennsylvania Ave., N.W.,
       Twelfth Floor
       Washington, D.C. 20006
       (202) 659-6600

Counsel for Defendants

Of Counsel:

Robert W. Levy, Esquire
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor
Boston, MA 02110-2602
(617) 342-6800

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the foregoing **Opposition to Plaintiff's Motion to Seal** was electronically filed and served, this 17th day of August, 2007, to:

> R. Michael Smith, Esquire
> Gordon Feinblatt Rothman Hoffberger
>  & Hollander, LLC
> 23 East Redwood Street
> Baltimore, MD 21202

           *Edward J. Longosz, II*
           Edward J. Longosz, II