UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RCM Technologies, Inc., | * | Case No. 1:07-CV-00670-JDB |
| Plaintiff, | * | |
| vs. | * | |
| Beacon Hill Staffing Group, LLC, *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

PLAINTIFF'S RESPONSE TO DEFENDANTS'
PROPOSED EXPEDITED SCHEDULE

Plaintiff, RCM Technologies, Inc. ("RCM"), responds as follows to Defendants' proposed schedule for expedited discovery and briefing:

1.      The schedule proposed by Defendants will not expedite discovery or briefing.  To the contrary, that schedule would **extend** the dates for Defendants' responses to RCM's Interrogatories and Production Request beyond the dates on which those responses were due under Rules 33 and 34.  Indeed, the due date for the responses of Beacon Hill Staffing Group, LLC ("Beacon Hill") and Kimberly A. Ayers ("Ayers") has already passed as pointed out in the motion to compel filed by RCM.   Moreover, the responses of William Blackford and Scott Baillie are due on September 6, 2007.

2.      Defendants can easily provide the information requested by Interrogatories and Production Requests within the normal time limits because those discovery requests overlap in that RCM seeks much of the same information from each of the Defendants.   (*See* Exhibits 1, 2, 3, 4, 5, 6, 7, 8)  As a consequence, Defendants could have prepared their responses within the

allotted time. Indeed, Defendants have not asked RCM for an extension of that period in any of their several communications with RCM's counsel.

3.    RCM has issued notices to depose Scott Baillie, William Blackford, and Ayers on September 17, 18, and 20, 2007, respectively, which are dates provided by Defendants' counsel. In addition, RCM has informed Defendants that RCM will travel to Boston to depose the CEO of Beacon Hill Staffing Group, LLC on a mutually convenient date.

4.    RCM has also provided Defendants with dates during September 2007 on which the RCM employees whom Defendants want to depose will be made available.

5.    The schedule proposed by Defendants will unnecessarily delay, not expedite, a hearing on preliminary injunction, whereas the RCM's proposed schedule is consistent with the intent of the Court's order of August 21, 2007.

6.    For all of those reasons, RCM asks the Court to adopt the schedule proposed by RCM.

                    Respectfully submitted,


                    _____/s/_____
                    R. Michael Smith (D.C. Bar No. 372654)
                    Charles R. Bacharach (D.C. Bar No.448842)
                    Gordon, Feinblatt, Rothman,
                     Hoffberger & Hollander, LLC
                    233 East Redwood Street
                    Baltimore, Maryland  21202-3332
                    410-576-4174
                    Attorneys for RCM Technologies, Inc.

2

631071.1
9/5/2007
30462/102329

## CERTIFICATE OF SERVICE

I CERTIFY that, on September 5, 2007, a copy of the foregoing Plaintiff's Response To

Defendants' Proposed Expedited Schedule was mailed, first-class, postage prepaid, to:

Edward J. Longosz, II
Mark Johnston
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Ave., NW
Suite 1200
Washington, D.C.  20006

Robert W. Levy
Eckert Seamans Cherin & Mellott, LLC
One International Place
18th Floor
Boston, MA 02110-2602


_____/s/_____
R. Michael Smith

3

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RCM Technologies, Inc.,** | * | **Case No. 1:07-CV-00670-JDB** |
| **Plaintiff,** | * | |
| **vs.** | * | |
| **Beacon Hill Staffing Group, LLC,** *et al.,* | * | |
| **Defendants.** | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### PLAINTIFF'S FIRST SET OF
### INTERROGATORIES TO BEACON HILL STAFFING GROUP, LLC

TO:        Beacon Hill Staffing Group, LLC, Defendant

FROM:    RCM Technologies, Inc., Plaintiff

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff, RCM, Techonogologies, Inc. ("RCM"), by and through its undersigned counsel, requests that, Defendant, Beacon Hill Staffing, Inc. ("Beacon Hill"), answer each of the following Interrogatories separately and fully, in writing and under oath.

### INSTRUCTIONS

1.        These instructions are to be read and interpreted in accordance with the definitions set forth hereinafter, and answers are to be furnished pursuant to the instructions set forth hereinafter. These instructions and definitions should be construed to require answers based upon the knowledge of, and documents and information available to, the responding party as well as the responding party's agents, representatives, and, unless privileged, attorneys. These instructions and definitions should also be construed to require answers based upon information and documents presently in the custody of any state or federal agency that the responding party has a right or privilege to examine or obtain upon request or demand.

**EXHIBIT**

tabbies®

1
_____

2.    In accordance with Rule 33, your response shall set forth the interrogatory, and shall set forth the answer to the interrogatory "separately and fully in writing under oath" or "shall state fully the grounds for refusal to answer any interrogatory." The response shall be signed by you.

3.    Also in accordance with Rule 33, your answers "shall include all information available" to you "directly or through agents, representative or attorneys."

4.    Pursuant to Rule 33, these interrogatories are continuing. If you obtain further material information before trial you are required to supplement your answers promptly.

5.    If pursuant to Rule 33, you elect to specify and produce business records of yours in answer to any interrogatory, your specification shall be in sufficient detail to enable the interrogatory party to locate and identify the records from which the answer may be ascertained.

6.    If you perceive any ambiguities in a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

7.    Where knowledge or information in the possession, custody or control, of a party is requested, such a request includes knowledge of the party's agents, servants, employees, representatives, and, unless privileged, its attorneys.

8.    As to any information responsive to an Interrogatory that is withheld on the ground of privilege, specify the privilege claimed and all facts or circumstances that you contend support the claim of the privilege.

9.    When any copy or copies of any document that should be identified in response to any Interrogatory is or are not identical to the original or any other copy, all such non-identical copies should also be identified.

10.    All Interrogatories phrased in either the disjunctive ("or"), conjunctive ("and"), or both, should be responded to in the manner that makes your response inclusive rather than exclusive.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest possible meaning.

In these Interrogatories, the following definitions apply:

a.    "Document" includes a writing, drawing, graph, chart, photograph, recording, and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

b.    "Identify," "identity," or "identification":

2

(1) when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation;

(2) when used in reference to a person other than a natural person, means that person's full name, a description of the nature of the person (that is, whether it is a corporation, partnership, etc. under the definition of person below), and the person's last known address, telephone number, and principal place of business;

(3) when used in reference to any person after the person has been properly identified previously means the person's name; and

(4) when used in reference to a document, requires you to state the date, the author (or, if different, the signer or signers), the addressee, the identity of the present custodian of the document, and the type of document (e.g., letter, memorandum, telegram, or chart) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the Interrogatory.

c.    "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

d.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

e.    "Communication" means the transmittal of information by any means.

f.    "You" means the party to whom these Interrogatories are addressed.

## INTERROGATORIES

**INTERROGATORY NO. 1:**    Identify all persons who know information pertaining to the allegations in the Verified Amended Complaint or Complaint and provide a detailed summary of the information known to each such person.

**INTERROGATORY NO. 2:**    State when Beacon Hill opened its office in the District of Columbia ("the D.C. Office").

**INTERROGATORY NO. 3:**    Identify all persons who have worked as employees at the D.C. Office at any time since it opened and provide information regarding the duties which they performed.

3

**INTERROGATORY NO. 4:**     Identify all persons who were involved in any way in recruiting and/or hiring Kimberly A. Ayers ("Ayers"), William Blackford ("Blackford"), and/or Scott Baillie ("Baillie") and describe the nature of each such person's involvement.

**INTERROGATORY NO. 5:**     Provide information regarding all compensation paid by Beacon Hill to Ayers, Blackford, and Baillie for services rendered.

**INTERROGATORY NO. 6:**     Identify all customers and prospective customers which Ayers, Blackford, and/or Baillie have solicited and/or serviced while employed by Beacon Hill.

**INTERROGATORY NO. 7:**     Identify all customers and prospective customers which were solicited and/or serviced by Ayers, Blackford, and/or Baillie and entered contracts with Beacon Hill.

**INTERROGATORY NO. 8:**     Provide the amount of revenue generated by customers which Ayers, Blackford, and/or Baillie have solicited and/or serviced while employed by Beacon Hill.

**INTERROGATORY NO. 9:**     Identify all individuals used to staff customers which Ayers, Blackford, and/or Baillie have solicited and/or serviced while employed by Beacon Hill.

**INTERROGATORY NO. 10:**     Identify all individuals who have been recruited or solicited by Ayers, Blackford, and/or Baillie to staff Beacon Hill's existing and prospective customers.

**INTERROGATORY NO. 11:**     Identify all companies which have made claims or demands that Beacon Hill has acted unlawfully in recruiting, hiring, and/or employing an individual to work at the D.C. Office.

**INTERROGATORY NO. 12:**     Provide the following information regarding any litigation which was commenced at any time since January 1, 2002 and which alleged an employee had breached a contract by working for Beacon Hill and/or that Beacon Hill had unlawfully interfered with such a

4

contract: (1) the caption and case number of the case; (2) the date on which the litigation was commenced; (3) the name of the court where the case was filed; and (4) whether an injunction or judgment was entered against Beacon Hill in the litigation.

**INTERROGATORY NO. 13:**    Identify all persons whom you intend to call to testify at trial as an expert witness and as to each such person describe in detail the substance of the opinions to be expressed, the basis and reasons for each opinion, the data or other information considered in forming the opinions, the exhibits to be used as a summary of or support for the opinions, the qualifications of the witness (including a list of all publications authored by the witness with the preceding 10 years), the compensation to be paid for the study and testimony, and all other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**INTERROGATORY NO. 14:**    Identify all persons employed by RCM whom Beacon Hill, Ayers, Blackford, and/or Baillie have recruited, encouraged, or induced to be employees of Beacon Hill.

**INTERROGATORY NO. 15:**    Provide the following information regarding any litigation which was commenced by Beacon Hill at any time since January 1, 2002 and which alleged an employee had breached a contract with Beacon Hill by working for another company and/or that a company had unlawfully interfered with such a contract: (1) the caption and case number of the case; (2) the date on which the litigation was commenced; (3) the name of the court where the case was filed; and (4) whether an injunction or judgment was entered in favor or against Beacon Hill in the litigation.

5

Respectfully submitted,

R. Michael Smith (D.C. Bar No. 372654)
Charles R. Bacharach (D.C. Bar No.448842)
Gordon, Feinblatt, Rothman,
  Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland  21202-3332
410-576-4174
Attorneys for RCM Technologies, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on July 26, 2007, a copy of the foregoing Plaintiff's First Set of

Interrogatories to Beacon Hill Staffing Group, LLC was mailed, first-class, postage prepaid, to:

Edward J. Longosz, II
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Ave., NW
Suite 1200
Washington, D.C.  20006

Robert W. Levy
Eckert Seamans Cherin & Mellott, LLC
One International Place
18th Floor
Boston, MA 02110-2602

R. Michael Smith

601819.1
7/26/2007
30462/102329

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

RCM Technologies, Inc.,                          *        Case No. 1:07-CV-00670-JDB

     Plaintiff,                              *

vs.

                                             *

Beacon Hill Staffing Group, LLC, *et al.,*

                                             *

     Defendants.                             *

*   *   *   *   *   *   *   *   *   *   *   *   *

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO BEACON HILL STAFFING GROUP, LLC

TO:       Beacon Hill Stafffing Group, LLC, Defendant

FROM:    RCM Technologies, Inc., Plaintiff

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, RCM, Technologies, Inc. ("RCM"), hereby requests Defendant, Beacon Hill Staffing Group, LLC ("Beacon Hill"), to produce for inspection and copying the documents, property and other tangible things described below. The documents, property and other tangible things designated in this Request for Production of Documents shall be produced at the offices of Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC, 233 East Redwood Street, Baltimore, Maryland 21202 pursuant to the Federal Rules.

## INSTRUCTIONS

The term "document" as used herein shall inclu de, but is not limited to, the original and any non-identical copy of any paper, pamphlet, brochure, periodical, literature, letter, memorandum, magazine, telegram, telex, cable, other correspondence, report, record, newspaper article, study, note, diary, working paper, chart, book, graph, index, floppy disk, removable hard disk, computer generated

601781.1
7/26/2007
30462/102329

**EXHIBIT**

**2**

tape, any magnetic medium, data sheet or data processing card, time sheet, computation, schedule contract, analysis, summary, instruction, brief, pleading, or other litigation paper, transcript, or any accounting or draft of preliminary copy of any of the foregoing, together with any attachments, inclusions, enclosures, and annotations thereof or thereto, as well as any other tangible thing on which information is recorded in writing, sound, pictures, punches, circuits, programs, or other manner, including supporting, underlying, or prefatory material, however produced or reproduced, to which you have had any access whether or not in your present possession, custody or control. Any handwritten notation of any kind on any copy or original of any document renders it non-identical.

All requests for documents in your possession or control include those in the possession or control of your agents, employees, representatives and counsel. If a privilege is asserted with respect to any document, please identify that document and state the nature of the privilege.

If any document was, but no longer is in y our possession or control, describe the document, stating the date it was made, the writer, the recipient, and the contents of the document, and state what disposition was made of it, when, and by whom.

The term "you" or any variation thereof shall refer to Beacon Hill.

## DOCUMENTS TO BE PRODUCED

1.    All documents, including but not limited to notes of conversations, personnel files, contracts, offer letters, and job applications, which contain information regarding the recruitment, hiring, and/or employment of Kimberly A. Ayers ("Ayers").

2.    All documents, including but not limited to notes of conversations, personnel files, contracts, offer letters, and job applications, which contain information regarding the recruitment, hiring, and/or employment of William Blackford ("Blackford").

2

3.      All documents, including but not limited to notes of conversations, personnel files, contracts, offer letters, and job applications, which contain information regarding the recruitment, hiring, and/or employment of Scott Baillie ("Baillie").

4.      All job descriptions which contain information regarding the duties performed by Ayers, Blackford, and/or Baillie.

5.      All company directories and organization charts and diagrams which contain information pertaining to Beacon Hill's Washington, D.C. office ("the D.C. Office").

6.      All documents, including but not limited to payroll records, paycheck stubs, and W-2 Forms, which contain information regarding any form of compensation paid by Beacon Hill to Ayers, Blackford, and/or Baillie.

7.      All documents, including but not limited to internal or external announcements, office leases, and sales and business plans, which contain information regarding the opening and/or staffing of the D.C. Office.

8.      All documents, including but not limited to proposals, correspondence, and notes of conversations, which contain information regarding the identity of customers and prospective customers which Ayers, Blackford, and/or Baillie have solicited and/or serviced while employed by Beacon Hill.

9.      All documents which contain information regarding contracts signed by customers which Ayers, Blackford, and/or Baillie have solicited and/or serviced while employed by Beacon Hill.

10.     All documents which contain information regarding revenue generated by customers which Ayers, Blackford, and/or Baillie have solicited and/or serviced while employed by Beacon Hill.

11.     All documents, including but not limited to contracts, job applications, offer letters, resumes, and notes of conversations, which contain information regarding individuals used to staff

3

customers which Ayers, Blackford, and/or Baillie have solicited and/or serviced while employed by Beacon Hill.

12.    All documents, including but not limited to advertisements, correspondence, and notes of conversations, which contain information regarding any individuals who have been recruited or solicited by Ayers, Blackford, and/or Baillie to staff Beacon Hill's existing and/or prospective customers.

13.    All documents which contain information regarding any agreement or promise to defend, indemnify, hold harmless, and/or pay the attorneys' fees of Ayers, Blackford, and/or Baillie in the event that RCM filed a lawsuit against any of them.

14.    All documents which contain information regarding any internal or external announcement or advertisement by Beacon Hill of the hiring or employment of Ayers, Blackford, and/or Baillie.

15.    All documents, including but not limited to calendars, logs, memoranda, and reports, which contain information regarding any meetings of Ayers, Blackford, and/or Baillie with any customers or prospective customers of Beacon Hill.

16.    All documents, including but not limited to correspondence, memoranda, and notes of conversations, which contain information regarding claims or demands by any company that Beacon Hill has acted unlawfully in recruiting, hiring, and/or employing an employee of that company to work for Beacon Hill at the D.C. Office.

17.    All documents, including but not limited to complaints, orders, injunctions, and settlement agreements, which contain information regarding litigation commenced by any company since January 1, 2002 alleging that an employee had breached a contract by working for Beacon Hill and/or that Beacon Hill had unlawfully interfered with such a contract.

4

18.    All contracts which Beacon Hill has required any employee in the D.C. Office to sign and which restrict him/her from working for a competitor and/or soliciting Beacon Hill's customers.

19.    All documents, including but not limited to complaints, orders, injunctions, and settlement agreements, which contain information regarding litigation commenced by Beacon Hill since January 1, 2002 alleging that an employee had breached a contract with Beacon Hill by working for another company and/or that a company had unlawfully interfered with such a contract.

20.    All documents which are not described by another Request and which contain information regarding the allegations in the Verified Amended Complaint or Complaint.

Respectfully submitted,

R. Michael Smith (D.C. Bar No. 372654)
Charles R. Bacharach (D.C. Bar No.448842)
Gordon, Feinblatt, Rothman,
  Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland  21202-3332
410-576-4174
Attorneys for RCM Technologies, Inc.

5

601781.1
7/26/2007
30462/102329

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on July 26, 2007, a copy of the foregoing Plaintiff's First Request for

Production of Documents to Beacon Hill Staffing Group, LLC was mailed, first-class, postage prepaid,

to:

Edward J. Longosz, II
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Ave., NW
Suite 1200
Washington, D.C.  20006
(202) 659-6600

Robert W. Levy
Eckert Seamans Cherin & Mellott, LLC
One International Place
18th Floor
Boston, MA 02110-2602

6

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RCM Technologies, Inc., | * | Case No. 1:07-CV-00670-JDB |
| **Plaintiff,** | * | |
| vs. | * | |
| Beacon Hill Staffing Group, LLC, *et al.,* | * | |
| **Defendants.** | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO KIMBERLY A. AYERS

TO:        Kimberly A. Ayers, Defendant

FROM:    RCM Technologies, Inc., Plaintiff

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, RCM, Technologies, Inc. ("RCM"), requests Defendant, Kimberly A. Ayers ("Ayers"), to produce for inspection and copying the documents, property and other tangible things described below.  The documents, property and other tangible things designated in this Request for Production of Documents shall be produced at the offices of Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC, 233 East Redwood Street, Baltimore, Maryland 21202 pursuant to the Federal Rules.

## INSTRUCTIONS

The term "document" as used herein shall include, but is not limited to, the original and any non-identical copy of any paper, pamphlet, brochure, periodical, literature, letter, memorandum, magazine, telegram, telex, cable, other correspondence, report, record, newspaper article, study, note, diary, working paper, chart, book, graph, index, floppy disk, removable hard disk, computer generated tape, any magnetic medium, data sheet or data processing card, time

601816.1
7/26/2007
30462/102329

EXHIBIT
3
tabbies®

sheet, computation, schedule contract, analysis, summary, instruction, brief, pleading, or other litigation paper, transcript, or any accounting or draft of preliminary copy of any of the foregoing, together with any attachments, inclusions, enclosures, and annotations thereof or thereto, as well as any other tangible thing on which information is recorded in writing, sound, pictures, punches, circuits, programs, or other manner, including supporting, underlying, or prefatory material, however produced or reproduced, to which you have had any access whether or not in your present possession, custody or control. Any handwritten notation of any kind on any copy or original of any document renders it non-identical.

All requests for documents in your possession or control include those in the possession or control of your agents, employees, representatives and counsel. If a privilege is asserted with respect to any document, please identify that document and state the nature of the privilege.

If any document was, but no longer is in y our possession or control, describe the document, stating the date it was made, the writer, the recipient, and the contents of the document, and state what disposition was made of it, when, and by whom.

The term "you" or any variation thereof shall refer to Ayers.

## DOCUMENTS TO BE PRODUCED

1.    All documents, including but not limited to notes of conversations, personnel files, contracts, offer letters, and job applications, which contain information regarding Beacon Hill Staffing Group, LLC's ("Beacon Hill") recruitment, hiring, and/or employment of you.

2.    All documents, including but not limited to notes of conversations, personnel files, contracts, offer letters, and job applications, which contain information regarding Beacon Hill's recruitment, hiring, and/or employment of William Blackford ("Blackford").

2

3.      All documents, including but not limited to notes of conversations, personnel files, contracts, offer letters, and job applications, which contain information regarding Beacon Hill's recruitment, hiring, and/or employment of Scott Baillie ("Baillie").

4.      All job descriptions which contain information regarding the duties performed by Baillie, Blackford, and/or you.

5.      All company directories and organization charts and diagrams which contain information pertaining to Beacon Hill's Washington, D.C. office ("the D.C. Office").

6.      All documents, including but not limited to payroll records, paycheck stubs, and W-2 Forms, which contain information regarding any form of compensation paid by Beacon Hill to you.

7.      All documents, including but not limited to internal or external announcements, office leases, and sales and business plans, which contain information regarding the opening and/or staffing of the D.C. Office.

8.      All documents, including but not limited to proposals, correspondence, and notes of conversations, which contain information regarding the identity of customers and prospective customers which Blackford, Baillie, and/or you have solicited and/or serviced while employed by Beacon Hill.

9.      All documents which contain information regarding contracts signed by customers which Blackford, Baillie, and/or you have solicited and/or serviced while employed by Beacon Hill.

3

10.    All documents which contain information regarding revenue generated by customers which Blackford, Baillie, and/or you have solicited and/or serviced while employed by Beacon Hill.

11.    All documents which contain information, including but not limited to contracts, job applications, offer letters, resumes, and notes of conversations, which contain information regarding individuals used to staff customers which Blackford, Baillie, and/or you have solicited and/or serviced while employed by Beacon Hill.

12.    All documents, including but not limited to advertisements, correspondence, and notes of conversations, which contain information regarding any individuals who have been recruited or solicited by Blackford, Baillie, and/or you to staff Beacon Hill's existing and prospective customers.

13.    All documents which contain information regarding any agreement or promise to defend, indemnify, hold harmless, and/or pay the attorneys' fees Blackford, Baillie, and/or you in the event that RCM filed a lawsuit against them and/or you.

14.    All documents which contain information regarding any internal or external announcement or advertisement by Beacon Hill of the hiring or employment of Blackford, Baillie, and/or you.

15.    All documents, including but not limited to calendars, logs, memoranda, and reports, which contain information regarding any meetings of Blackford, Baillie, and/or you with any customers or prospective customers of Beacon Hill.

16.    All documents, including but not limited to correspondence, memoranda, and notes of conversations, which contain information regarding claims or demands by any company

4

601816.1
7/26/2007
30462/102329

that Beacon Hill has acted unlawfully in recruiting, hiring, and/or employing an employee of that company to work for Beacon Hill at the D.C. Office.

17.    All documents and other items which you obtained while employed by RCM and are still in your possession, custody, or control.

18.    All contracts which Beacon Hill has required any employee in the D.C. Office to sign and which restrict him/her from working for a competitor and/or soliciting Beacon Hill's customers.

19.    All documents which are not described by another Request and which contain information regarding the allegations in the Verified Amended Complaint or Complaint.

Respectfully submitted,

R. Michael Smith (D.C. Bar No. 372654)
Charles R. Bacharach (D.C. Bar No.448842)
Gordon, Feinblatt, Rothman,
 Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland  21202-3332
410-576-4174
Attorneys for RCM Technologies, Inc.

5

601816.1
7/26/2007
30462/102329

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on July 26, 2007, a copy of the foregoing Plaintiff's First Request for Production of Documents to Kimberly A. Ayers was mailed, first-class, postage prepaid, to:

Edward J. Longosz, II
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Ave., NW
Suite 1200
Washington, D.C.  20006

Robert W. Levy
Eckert Seamans Cherin & Mellott, LLC
One International Place
18th Floor
Boston, MA 02110-2602

R. Michael Smith

6

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

RCM Technologies, Inc.,                      *        **Case No. 1:07-CV-00670-JDB**

       **Plaintiff,**                         *

vs.

                            *

**Beacon Hill Staffing Group, LLC,** *et al.,*

                            *

       **Defendants.**                          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES TO KIMBERLY A. AYERS

      TO:         Kimberly A. Ayers, Defendant

      FROM:     RCM Technologies, Inc., Plaintiff

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff, RCM, Techonogologies, Inc. ("RCM"), by and through its undersigned counsel, requests that Defendant, Kimberly A. Ayers ("Ayers"), answer each of the following Interrogatories separately and fully, in writing and under oath.

## INSTRUCTIONS

      1.     These instructions are to be read and interpreted in accordance with the definitions set forth hereinafter, and answers are to be furnished pursuant to the instructions set forth hereinafter. These instructions and definitions should be construed to require answers based upon the knowledge of, and documents and information available to, the responding party as well as the responding party's agents, representatives, and, unless privileged, attorneys. These instructions and definitions should also be construed to require answers based upon information and documents presently in the custody of any state or federal agency that the responding party has a right or privilege to examine or obtain upon request or demand.

      2.     In accordance with Rule 33, your response shall set forth the interrogatory, and shall set forth the answer to the interrogatory "separately and fully in writing under oath" or "shall state fully the

604898.1
7/26/2007
30462/102329



EXHIBIT

4

grounds for refusal to answer any interrogatory." The response shall be signed by you. (Standard Instruction (a).)

3.    Also in accordance with Rule 33, your answers "shall include all information available" to you "directly or through agents, representative or attorneys." (Standard Instruction (b).)

4.    Pursuant to Rule 33, these interrogatories are continuing. If you obtain further material information before trial you are required to supplement your answers promptly. (Standard Instruction (c).)

5.    If pursuant to Rule 33, you elect to specify and produce business records of yours in answer to any interrogatory, your specification shall be in sufficient detail to enable the interrogatory party to locate and identify the records from which the answer may be ascertained. (Standard Instruction (d).)

6.    If you perceive any ambiguities in a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering. (Standard Instruction (e).)

7.    Where knowledge or information in the possession, custody or control, of a party is requested, such a request includes knowledge of the party's agents, servants, employees, representatives, and, unless privileged, its attorneys.

8.    As to any information responsive to an Interrogatory that is withheld on the ground of privilege, specify the privilege claimed and all facts or circumstances that you contend support the claim of the privilege.

9.    When any copy or copies of any document that should be identified in response to any Interrogatory is or are not identical to the original or any other copy, all such non-identical copies should also be identified.

10.    All Interrogatories phrased in either the disjunctive ("or"), conjunctive ("and"), or both, should be responded to in the manner that makes your response inclusive rather than exclusive.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest possible meaning.

In these Interrogatories, the following definitions apply:

2

a.    "Document" includes a writing, drawing, graph, chart, photograph, recording, and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form. (Standard General Definition (a).)

b.    "Identify," "identity," or "identification":

(1) when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation;

(2) when used in reference to a person other than a natural person, means that person's full name, a description of the nature of the person (that is, whether it is a corporation, partnership, etc. under the definition of person below), and the person's last known address, telephone number, and principal place of business;

(3) when used in reference to any person after the person has been properly identified previously means the person's name; and

(4) when used in reference to a document, requires you to state the date, the author (or, if different, the signer or signers), the addressee, the identity of the present custodian of the document, and the type of document (e.g., letter, memorandum, telegram, or chart) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the Interrogatory. (Standard General Definition (b).)

c.    "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity. (Standard General Definition (c).)

d.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

e.    "Communication" means the transmittal of information by any means.

D.    "You" means the person to whom these Interrogatories are addressed.

## INTERROGATORIES

**INTERROGATORY NO. 1:**    Identify all persons who know information pertaining to the allegations in the Complaint or Verified Amended Complaint and provide a detailed summary of the information known to each such person.

3

604898.1
7/26/2007
30462/102329

**INTERROGATORY NO. 2:**    State when Beacon Hill opened its office in the District of Columbia ("the D.C. Office").

**INTERROGATORY NO. 3:**    Identify all persons who have worked as employees at the D.C. Office at any time since it opened and provide information regarding the duties which they performed.

**INTERROGATORY NO. 4:**    Identify all persons who were involved in any way in recruiting and/or hiring William Blackford ("Blackford"), Scott Baillie ("Baillie"), and/or you and describe the nature of each such person's involvement.

**INTERROGATORY NO. 5:**    Provide information regarding all compensation paid by Beacon Hill to Blackford, Baillie, and/or you for services rendered.

**INTERROGATORY NO. 6:**    Identify all customers and prospective customers which Blackford, Baillie, and/or you have solicited and/or serviced while employed by Beacon Hill.

**INTERROGATORY NO. 7:**    Identify all customers and prospective customers which were solicited and/or serviced by Blackford, Baillie, and/or you and which entered contracts with Beacon Hill.

**INTERROGATORY NO. 8:**    Provide the amount of revenue generated by customers which Blackford, Baillie, and/or you have solicited and/or serviced while employed by Beacon Hill.

**INTERROGATORY NO. 9:**    Identify all individuals used to staff customers which Blackford, Baillie, and/or you have solicited and/or serviced while employed by Beacon Hill.

**INTERROGATORY NO. 10:**    Identify all individuals who have been recruited or solicited by Blackford, Baillie, and/or you to staff Beacon Hill's existing and prospective customers.

4

604898.1
7/26/2007
30462/102329

**INTERROGATORY NO. 11:**    Identify all companies which have made claims or demands that Beacon Hill has acted unlawfully in recruiting, hiring, and/or employing an individual to work at the D.C. Office.

**INTERROGATORY NO. 12:**    Identify all persons whom you intend to call to testify at trial as an expert witness and as to each such person describe in detail the substance of the opinions to be expressed, the basis and reasons for each opinion, the data or other information considered in forming the opinions, the exhibits to be used as a summary of or support for the opinions, the qualifications of the witness (including a list of all publications authored by the witness with the preceding 10 years), the compensation to be paid for the study and testimony, and all other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**INTERROGATORY NO. 13:**    Identify all persons employed by RCM whom Beacon Hill, Blackford, Baillie, and/or you have recruited, encouraged, or induced to be employees of Beacon Hill.

Respectfully submitted,

R. Michael Smith (D.C. Bar No. 372654)
Charles R. Bacharach (D.C. Bar No. 448842)
Gordon, Feinblatt, Rothman,
  Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland 21202-3332
410-576-4174
Attorneys for RCM Technologies, Inc.

5

604898.1
7/26/2007
30462/102329

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on July 26, 2007, a copy of the foregoing Plaintiff's First Set of Interrogatories to Kimberly A. Ayers was mailed, first-class, postage prepaid, to:

Edward J. Longosz, II
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Ave., NW
Suite 1200
Washington, D.C.  20006

Robert W. Levy
Eckert Seamans Cherin & Mellott, LLC
One International Place
18th Floor
Boston, MA 02110-2602

R. Michael Smith

6

## Smith, Michael

**From:**    Smith, Michael
**Sent:**    Thursday, August 30, 2007 12:47 PM
**To:**    'MJohnston@eckertseamans.com'
**Subject:** RCM v. Beacon Hill

Mark,

RCM wants to depose the individual defendants and Mr. Wang so please obtain dates that they would be available during the next 2 weeks.  According to my calculation, Beacon Hill's and Ayers' responses to RCM's interrogatories and production request are now due so please provide that discovery immediately.  Blackford and Baillie's responses will be due in a few days.

In the meantime, I will ask RCM's personnel for deposition dates.

Mike

R. Michael Smith
Gordon, Feinblatt, Rothman, Hoffberger & Hollander LLC
233 E. Redwood Street
Baltimore, MD 21202
(410) 576-4174
Fax (410) 576-4292
msmith@gfrlaw.com

EXHIBIT

5

**Smith, Michael**

| | |
|---|---|
| **From:** | Smith, Michael |
| **Sent:** | Friday, August 31, 2007 4:43 PM |
| **To:** | 'MJohnston@eckertseamans.com' |
| **Subject:** | Re: Protective Order |


Mark
Beacon Hill's and Ayers' discovery responses are overdue.  When will we receive those?  I
also need dates for depositions.
Mike

Michael Smith
Sent from my GoodLink Wireless Handheld (www.good.com)


    -----Original Message-----
From:       MJohnston@eckertseamans.com [mailto:MJohnston@eckertseamans.com]
Sent: Friday, August 31, 2007 04:22 PM Eastern Standard Time
To:    Smith, Michael
Cc:    ELongosz@eckertseamans.com; RLevy@eckertseamans.com
Subject:    Re: Protective Order

Mike:

Attached are our comments and revisions to the Proposed Protective Order.
We can discuss further next Tuesday if necessary.  Thanks and enjoy your weekend.


Mark

Mark A. Johnston, Esq.
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W.
Suite 1200
Washington, DC 20006
(202) 659-6624
(202) 659-6699 (fax)

This communication may contain federal tax advice.  Recent IRS regulations require us to
advise you that any discussion of federal tax issues in this communication was not
intended or written to be used and cannot be used to avoid any penalty under federal tax
law or to promote, market or recommend any transaction or matter addressed herein.  Only
formal, written tax opinions meeting these IRS requirements may be relied upon for the
purpose of avoiding tax-related penalties.  Please contact one of the Firm's Tax partners
if you have any questions regarding federal tax advice.




"Smith, Michael" <msmith@gfrlaw.com>
08/28/2007 11:20 AM

To
Mark A. Johnston/ESCM@ESCM
cc

Subject
Protective Order




**EXHIBIT**

tables'

**6**

Mark,

See if the tracked change suffices.

Mike[attachment "610797_1.DOC" deleted by Mark A. Johnston/ESCM]

## Motions

1:07-cv-00670-JDB RCM TECHNOLOGIES, INC. v. BEACON HILL STAFFING GROUP, LLC
et al
JURY, TYPE-M

### U.S. District Court

### District of Columbia

### Notice of Electronic Filing

The following transaction was entered by Smith, R. on 9/4/2007 at 11:53 AM and filed
on 9/4/2007

| | |
|---|---|
| **Case Name:** | RCM TECHNOLOGIES, INC. v. BEACON HILL STAFFING GROUP, LLC et al |
| **Case Number:** | 1:07-cv-670 |
| **Filer:** | RCM TECHNOLOGIES, INC. |
| **Document Number:** | 25 |

**Docket Text:**
MOTION to Compel *Discovery and for Sanctions* by RCM TECHNOLOGIES, INC.
(Attachments: # (1) Exhibit)(Smith, R.)

**1:07-cv-670 Notice has been electronically mailed to:**

Mark Andrew Johnston     mjohnston@eckertseamans.com

Edward J. Longosz , II     edward.longosz@escm.com

R. Michael Smith     msmith@gfrlaw.com

**1:07-cv-670 Notice will be delivered by other means to::**

The following document(s) are associated with this transaction:

**Document description:Main Document**
**Original filename:C:\Documents and Settings\LBelford\Desktop\Plaintiffs Motion to
Compel Discovery and for Sanctions.pdf**
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=9/4/2007] [FileNumber=1541720-0]
[642444402c63411aaadcaa8ae4faf46b3e2c66e845750a5f10bd277f3ec26dee0c173
69c4ca8ccf0ddfb49f277d33eefce352395998a3f6ec1bc91d4589f453c]]
**Document description:Exhibit**
**Original filename:C:\Documents and Settings\LBelford\Desktop\Exhibits.pdf**

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=9/4/2007] [FileNumber=1541720-1]
[157f840870ba8c92f52bbd35c7b06dd273faf7d405e1d49550e051f7dfe831c1f145b
af632fa00c05297f12cb02623e8143fbbca67be3d4c43fa92d53714e2e6]]

# GORDON ▪ FEINBLATT

## ROTHMAN, HOFFBERGER & HOLLANDER, LLC

**THE GARRETT BUILDING**
**233 E. REDWOOD STREET**
**BALTIMORE, MD 21202**
**TEL: 410-576-4000**

---

## F A X   T R A N S M I T T A L

---

| To: | Edward J. Longosz | Fax #: | 202-659-6699 |
|-----|-------------------|--------|--------------|
|     | Robert W. Levy    |        | 617-342-6899 |

| From: | R. Michael Smith | Phone #: 410-576-4174 | Fax #: 410-576-4292 |
|-------|------------------|-----------------------|---------------------|
| Date: | September 04, 2007 | Time: | Pages (including cover): 31 |
| Ref #: | RCM v. Beacon Hill, et al. | | |

## MESSAGE:

ORIGINAL WILL NOT FOLLOW _____    ORIGINAL WILL FOLLOW BY \_\_\_x\_\_\_  REGULAR MAIL x
_____  COURIER
_____  OTHER _____

PURSUANT TO RECENTLY-ENACTED U.S. TREASURY DEPARTMENT REGULATIONS, WE ARE NOW ADVISING YOU THAT, UNLESS OTHERWISE EXPRESSLY INDICATED, ANY FEDERAL TAX ADVICE CONTAINED IN THIS COMMUNICATION, INCLUDING ATTACHMENTS AND ENCLOSURES, IS NOT INTENDED TO BE USED, AND MAY NOT BE USED, FOR THE PURPOSE OF (I) AVOIDING TAX-RELATED PENALTIES UNDER THE INTERNAL REVENUE CODE OR (II) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY TAX-RELATED MATTERS ADDRESSED HEREIN. NO WRITTEN OPINION OF A GORDON, FEINBLATT ATTORNEY ON A FEDERAL TAX ISSUE SHOULD BE UNDERSTOOD TO SUGGEST A MORE LIKELY THAN NOT FAVORABLE OUTCOME UNLESS THE WORDS 'MORE LIKELY THAN NOT' ARE ACTUALLY USED IN THE OPINION.

THE INFORMATION SUPPLIED IN THIS FACSIMILE MESSAGE MAY BE LEGALLY PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS COMMUNICATION, THE SENDER DOES NOT INTEND DELIVERY TO YOU TO WAIVE ANY PRIVILEGE OR RIGHT PERTAINING TO THIS COMMUNICATION. IF YOU HAVE RECEIVED THIS FACSIMILE MESSAGE IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO THE SENDER AT THE ADDRESS SET FORTH ABOVE VIA THE UNITED STATES POSTAL SERVICE. THANK YOU.

SENT: _____
DATE: _____
TIME: _____
OPERATOR: _____

```
**********************
***   TX REPORT   ***
**********************

TRANSMISSION OK

TX/RX NO              0703
CONNECTION TEL        2102329p916173426899
SUBADDRESS
CONNECTION ID
ST. TIME              09/04 12:04
USAGE T               05'14
PGS. SENT             31
RESULT               OK
```

# GORDON ∎ FEINBLATT
## ROTHMAN, HOFFBERGER & HOLLANDER, LLC

**THE GARRETT BUILDING**
**233 E. REDWOOD STREET**
**BALTIMORE, MD 21202**
**TEL: 410-576-4000**

## FAX TRANSMITTAL

| To: | Edward J. Longosz | Fax #: | 202-659-6699 |
| | Robert W. Levy | | 617-342-6899 |

| From: | R. Michael Smith | Phone #: 410-576-4174 | Fax #: 410-576-4292 |
| Date: | September 04, 2007 | Time: | |
| Ref #: | RCM v. Beacon Hill, et al. | | Pages (including cover): 31 |

**MESSAGE:**

ORIGINAL WILL NOT FOLLOW _____     ORIGINAL WILL FOLLOW BY __x__     REGULAR MAIL x
                                                                        COURIER
                                                                        OTHER

PURSUANT TO RECENTLY-ENACTED U.S. TREASURY DEPARTMENT REGULATIONS, WE ARE NOW ADVISING YOU THAT, UNLESS OTHERWISE EXPRESSLY INDICATED, ANY FEDERAL TAX ADVICE CONTAINED IN THIS COMMUNICATION, INCLUDING ATTACHMENTS AND ENCLOSURES, IS NOT INTENDED TO BE USED, AND MAY NOT BE USED, FOR THE PURPOSE OF (I) AVOIDING TAX-RELATED PENALTIES UNDER THE INTERNAL REVENUE CODE OR (II) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY TAX-RELATED MATTERS ADDRESSED HEREIN. NO WRITTEN OPINION OF A GORDON, FEINBLATT ATTORNEY ON A FEDERAL TAX ISSUE SHOULD BE UNDERSTOOD TO SUGGEST A MORE LIKELY THAN NOT FAVORABLE OUTCOME UNLESS THE WORDS 'MORE LIKELY THAN NOT' ARE ACTUALLY USED IN THE OPINION.

THE INFORMATION SUPPLIED IN THIS FACSIMILE MESSAGE MAY BE LEGALLY PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS COMMUNICATION, THE SENDER DOES NOT INTEND DELIVERY TO YOU TO WAIVE ANY PRIVILEGE OR RIGHT PERTAINING TO THIS COMMUNICATION. IF YOU HAVE RECEIVED THIS FACSIMILE MESSAGE IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO THE SENDER AT THE ADDRESS SET FORTH ABOVE VIA THE UNITED STATES POSTAL SERVICE. THANK YOU.

```
                        *********************
                    ***    TX REPORT    ***
                        *********************


        TRANSMISSION OK

        TX/RX NO              0702
        CONNECTION TEL        2102329p912026596699
        SUBADDRESS
        CONNECTION ID
        ST. TIME              09/04 11:58
        USAGE T               05'43
        PGS. SENT              31
        RESULT                OK
```

# GORDON▪FEINBLATT

## ROTHMAN, HOFFBERGER & HOLLANDER, LLC

**THE GARRETT BUILDING**
**233 E. REDWOOD STREET**
**BALTIMORE, MD 21202**
**TEL: 410-576-4000**

---

### F A X   T R A N S M I T T A L

| To: | Edward J. Longosz | Fax #: | 202-659-6699 |
|-----|-------------------|--------|--------------|
|     | Robert W. Levy    |        | 617-342-6899 |

| From: | R. Michael Smith | Phone #: 410-576-4174 | | Fax #: 410-576-4292 |
|-------|------------------|-----------------------|--|---------------------|
| Date: | September 04, 2007 | Time: | | Pages (including cover): 31 |
| Ref #: | RCM v. Beacon Hill, et al. | | | |

**MESSAGE:**

ORIGINAL WILL NOT FOLLOW _____    ORIGINAL WILL FOLLOW BY  __x__  REGULAR MAIL x
                                                            _____  COURIER
                                                            _____  OTHER  _____

PURSUANT TO RECENTLY-ENACTED U.S. TREASURY DEPARTMENT REGULATIONS, WE ARE NOW ADVISING YOU THAT, UNLESS OTHERWISE EXPRESSLY INDICATED, ANY FEDERAL TAX ADVICE CONTAINED IN THIS COMMUNICATION, INCLUDING ATTACHMENTS AND ENCLOSURES, IS NOT INTENDED TO BE USED, AND MAY NOT BE USED, FOR THE PURPOSE OF (I) AVOIDING TAX-RELATED PENALTIES UNDER THE INTERNAL REVENUE CODE OR (II) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY TAX-RELATED MATTERS ADDRESSED HEREIN. NO WRITTEN OPINION OF A GORDON, FEINBLATT ATTORNEY ON A FEDERAL TAX ISSUE SHOULD BE UNDERSTOOD TO SUGGEST A MORE LIKELY THAN NOT FAVORABLE OUTCOME UNLESS THE WORDS 'MORE LIKELY THAN NOT' ARE ACTUALLY USED IN THE OPINION.

THE INFORMATION SUPPLIED IN THIS FACSIMILE MESSAGE MAY BE LEGALLY PRIVILEGED. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS COMMUNICATION, THE SENDER DOES NOT INTEND DELIVERY TO YOU TO WAIVE ANY PRIVILEGE OR RIGHT PERTAINING TO THIS COMMUNICATION. IF YOU HAVE RECEIVED THIS FACSIMILE MESSAGE IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO THE SENDER AT THE ADDRESS SET FORTH ABOVE VIA THE UNITED STATES POSTAL SERVICE. THANK YOU.

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

RCM Technologies, Inc.,                          *    Case No. 1:07-CV-00670-JDB

      Plaintiff,                              *

vs.

                                                  *

Beacon Hill Staffing Group, LLC, *et al.*,

                                                  *

      Defendants.                            *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES TO SCOTT BAILLIE

TO:        Scott Baillie, Defendant

FROM:     RCM Technologies, Inc., Plaintiff

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff, RCM, Techonogologies, Inc.

("RCM"), by and through its undersigned counsel, requests that Defendant, Scott Baillie

("Baillie"), answer each of the following Interrogatories separately and fully, in writing and

under oath.

## INSTRUCTIONS

1.     These instructions are to be read and interpreted in accordance with the definitions set forth hereinafter, and answers are to be furnished pursuant to the instructions set forth hereinafter. These instructions and definitions should be construed to require answers based upon the knowledge of, and documents and information available to, the responding party as well as the responding party's agents, representatives, and, unless privileged, attorneys. These instructions and definitions should also be construed to require answers based upon information and documents presently in the custody of any state or federal agency that the responding party has a right or privilege to examine or obtain upon request or demand.

2.     In accordance with Rule 33, your response shall set forth the interrogatory, and shall set forth the answer to the interrogatory "separately and fully in writing under oath" or "shall state fully the grounds for refusal to answer any interrogatory." The response shall be signed by you. (Standard Instruction (a).)

607668.1
8/1/2007
30462/102329

**EXHIBIT**

5

3.    Also in accordance with Rule 33, your answers "shall include all information available" to you "directly or through agents, representative or attorneys." (Standard Instruction (b).)

4.    Pursuant to Rule 33, these interrogatories are continuing. If you obtain further material information before trial you are required to supplement your answers promptly. (Standard Instruction (c).)

5.    If pursuant to Rule 33, you elect to specify and produce business records of yours in answer to any interrogatory, your specification shall be in sufficient detail to enable the interrogatory party to locate and identify the records from which the answer may be ascertained. (Standard Instruction (d).)

6.    If you perceive any ambiguities in a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering. (Standard Instruction (e).)

7.    Where knowledge or information in the possession, custody or control, of a party is requested, such a request includes knowledge of the party's agents, servants, employees, representatives, and, unless privileged, its attorneys.

8.    As to any information responsive to an Interrogatory that is withheld on the ground of privilege, specify the privilege claimed and all facts or circumstances that you contend support the claim of the privilege.

9.    When any copy or copies of any document that should be identified in response to any Interrogatory is or are not identical to the original or any other copy, all such non-identical copies should also be identified.

10.    All Interrogatories phrased in either the disjunctive ("or"), conjunctive ("and"), or both, should be responded to in the manner that makes your response inclusive rather than exclusive.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest possible meaning.

In these Interrogatories, the following definitions apply:

a.    "Document" includes a writing, drawing, graph, chart, photograph, recording, and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form. (Standard General Definition (a).)

b.    "Identify," "identity," or "identification":

2

(1) when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation;

(2) when used in reference to a person other than a natural person, means that person's full name, a description of the nature of the person (that is, whether it is a corporation, partnership, etc. under the definition of person below), and the person's last known address, telephone number, and principal place of business;

(3) when used in reference to any person after the person has been properly identified previously means the person's name; and

(4) when used in reference to a document, requires you to state the date, the author (or, if different, the signer or signers), the addressee, the identity of the present custodian of the document, and the type of document (e.g., letter, memorandum, telegram, or chart) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the Interrogatory. (Standard General Definition (b).)

c.    "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity. (Standard General Definition (c).)

d.    "Concerning" means relating to, referring to, describing, evidencing, or constituting.

e.    "Communication" means the transmittal of information by any means.

D.    "You" means the person to whom these Interrogatories are addressed.

## INTERROGATORIES

**INTERROGATORY NO. 1** :    Identify all persons who know information pertaining to the allegations in the Complaint or Verified Amended Complaint and provide a detailed summary of the information known to each such person.

**INTERROGATORY NO. 2** :    Identify all persons who were involved in any way in recruiting and/or hiring you and describe the nature of each such person's involvement.

**INTERROGATORY NO. 3** :    Provide information regarding all compensation paid by Beacon Hill to you for services rendered.

3

607668.1
8/1/2007
30462/102329

**INTERROGATORY NO. 4** :        Identify all customers and prospective customers which you have solicited and/or serviced while employed by Beacon Hill.

**INTERROGATORY NO. 5** :        Identify all customers and prospective customers which were solicited and/or serviced by you and which entered contracts with Beacon Hill.

**INTERROGATORY NO. 6** :        Provide the amount of revenue generated by customers which you have solicited and/or serviced while employed by Beacon Hill.

**INTERROGATORY NO. 7** :        Identify all individuals used to staff customers which you have solicited and/or serviced while employed by Beacon Hill.

**INTERROGATORY NO. 8:**        Identify all individuals who have been recruited or solicited by you to staff Beacon Hill's existing and prospective customers.

**INTERROGATORY NO. 9:**        Identify all persons whom you intend to call to testify at trial as an expert witness and as to each such person describe in detail the substance of the opinions to be expressed, the basis and reasons for each opinion, the data or other information considered in forming the opinions, the exhibits to be used as a summary of or support for the opinions, the qualifications of the witness (including a list of all publications authored by the witness with the preceding 10 years), the compensation to be paid for the study and testimony, and all other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**INTERROGATORY NO. 10:**        Identify all persons employed by RCM whom you have recruited, encouraged, or induced to be employees of Beacon Hill.

**INTERROGATORY NO. 11:**        Identify all customers and prospective customers which you solicited or serviced while employed by RCM.

607668.1
8/1/2007
30462/102329

Respectfully submitted,

R. Michael Smith (D.C. Bar No. 372654)
Charles R. Bacharach (D.C. Bar No.448842)
Gordon, Feinblatt, Rothman,
  Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland  21202-3332
410-576-4174
Attorneys for RCM Technologies, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on August 3, 2007, a copy of the foregoing Plaintiff's First

Set of Interrogatories to Scott Baillie was mailed, first-class, postage prepaid, to:

Edward J. Longosz, II
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Ave., NW
Suite 1200
Washington, D.C.  20006

Robert W. Levy
Eckert Seamans Cherin & Mellott, LLC
One International Place
18th Floor
Boston, MA 02110-2602

William Blackford,
4201 Lee Highway
# 104
Arlington, VA  22207

R. Michael Smith

607668.1
8/1/2007
30462/102329

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

RCM Technologies, Inc.,                              *          **Case No. 1:07-CV-00670-JDB**

        **Plaintiff,**                              *

**vs.**

                              *

**Beacon Hill Staffing Group, LLC,** *et al.,*

                              *

        **Defendants.**                              *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S FIRST REQUEST TO SCOTT BAILLIE**
**FOR PRODUCTION OF DOCUMENTS**

    TO:           Scott Baillie, Defendant

    FROM:       RCM Technologies, Inc., Plaintiff

    Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, RCM, Technologies, Inc. ("RCM"), requests Defendant, Scott Baillie ("Baillie"), to produce for inspection and copying the documents, property and other tangible things described below. The documents, property and other tangible things designated in this Request for Production of Documents shall be produced at the offices of Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC, 233 East Redwood Street, Baltimore, Maryland 21202 pursuant to the Federal Rules.

**INSTRUCTIONS**

    The term "document" as used herein shall include, but is not limited to, the original and any non-identical copy of any paper, pamphlet, brochure, periodical, literature, letter, memorandum, magazine, telegram, telex, cable, other correspondence, report, record, newspaper article, study, note, diary, working paper, chart, book, graph, index, floppy disk, removable hard disk, computer generated tape, any magnetic medium, data sheet or data processing card, time sheet, computation, schedule contract, analysis, summary, instruction, brief, pleading, or other

607685.1
8/1/2007
30462/102329



**EXHIBIT**

6

litigation paper, transcript, or any accounting or draft of preliminary copy of any of the foregoing, together with any attachments, inclusions, enclosures, and annotations thereof or thereto, as well as any other tangible thing on which information is recorded in writing, sound, pictures, punches, circuits, programs, or other manner, including supporting, underlying, or prefatory material, however produced or reproduced, to which you have had any access whether or not in your present possession, custody or control.  Any handwritten notation of any kind on any copy or original of any document renders it non-identical.

All requests for documents in your possession or control include those in the possession or control of your agents, employees, representatives and counsel.  If a privilege is asserted with respect to any document, please identify that document and state the nature of the privilege.

If any document was, but no longer is in y our possession or control, describe the document, stating the date it was made, the writer, the recipient, and the contents of the document, and  state what disposition was made of it, when, and by whom.

The term "you" or any variation thereof shall refer to Ayers.

## DOCUMENTS TO BE PRODUCED

1.      All documents, including but not limited to notes of conversations, personnel files, contracts, offer letters, and job applications, which contain information regarding Beacon Hill Staffing Group, LLC's ("Beacon Hill") recruitment, hiring, and/or employment of you.

2.      All job descriptions which contain information regarding the duties performed by you.

3.      All company directories and organization charts and diagrams which contain information pertaining to Beacon Hill's Washington, D.C. office ("the D.C. Office").

607685.1
8/1/2007
30462/102329

4.    All documents, including but not limited to payroll records, paycheck stubs, and W-2 Forms, which contain information regarding any form of compensation paid by Beacon Hill to you.

5.    All documents, including but not limited to internal or external announcements, office leases, and sales and business plans, which contain information regarding the opening and/or staffing of the D.C. Office.

6.    All documents, including but not limited to proposals, correspondence, and notes of conversations, which contain information regarding the identity of customers and prospective customers which you have solicited and/or serviced while employed by Beacon Hill.

7.    All documents which contain information regarding contracts signed by customers which you have solicited and/or serviced while employed by Beacon Hill.

8.    All documents which contain information regarding revenue generated by customers which you have solicited and/or serviced while employed by Beacon Hill.

9.    All documents which contain information, including but not limited to contracts, job applications, offer letters, resumes, and notes of conversations, which contain information regarding individuals used to staff customers which you have solicited and/or serviced while employed by Beacon Hill.

10.    All documents, including but not limited to advertisements, correspondence, and notes of conversations, which contain information regarding any individuals who have been recruited or solicited by you to staff Beacon Hill's existing and prospective customers.

11.    All documents which contain information regarding any agreement or promise to defend, indemnify, and/or hold harmless you and/or pay your attorneys' fees in the event that RCM filed a lawsuit against you.

3

607685.1
8/1/2007
30462/102329

12.    All documents which contain information regarding any internal or external announcement or advertisement by Beacon Hill of the hiring or employment of you.

13.    All documents, including but not limited to calendars, logs, memoranda, and reports, which contain information regarding any meetings of you with any customers or prospective customers of Beacon Hill.

14.    All documents and other items which you obtained while employed by RCM and are still in your possession, custody, or control.

15.    All contracts which Beacon Hill has required you to sign and which restrict your from working for a competitor and/or soliciting Beacon Hill's customers.

16.    All documents, including but not limited to vouchers, memorandums, and reports, which contain information regarding expenses incurred by you in the course of performing services for Beacon Hill in connection with: (a) soliciting and/or servicing any customer or prospective customer; and/or (b) recruiting, hiring, and/or retaining any personnel who would be used to staff Beacon Hill's customers or prospective customers.

17.    All documents which are not described by another Request and which contain information regarding the allegations in the Verified Amended Complaint or Complaint.

Respectfully submitted,

R. Michael Smith (D.C. Bar No. 372654)
Charles R. Bacharach (D.C. Bar No.448842)
Gordon, Feinblatt, Rothman,
  Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland  21202-3332
410-576-4174
Attorneys for RCM Technologies, Inc.

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on August 3, 2007, a copy of the foregoing Plaintiff's First

Request to Scott Baillie for Production of Documents was mailed, first-class, postage prepaid, to:

Edward J. Longosz, II
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Ave., NW
Suite 1200
Washington, D.C.  20006

Robert W. Levy
Eckert Seamans Cherin & Mellott, LLC
One International Place
18th Floor
Boston, MA 02110-2602

William Blackford,
4201 Lee Highway
# 104
Arlington, VA  22207

5

607685.1
8/1/2007
30462/102329

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

RCM Technologies, Inc.,                    *        **Case No. 1:07-CV-00670-JDB**

     **Plaintiff,**                          *

vs.                                        *

Beacon Hill Staffing Group, LLC, *et al.,* *

     **Defendants.**                         *

                   *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES TO WILLIAM BLACKFORD

TO:          William Blackford, Defendant

FROM:       RCM Technologies, Inc., Plaintiff

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff, RCM, Techonogologies, Inc. ("RCM"), by and through its undersigned counsel, requests that Defendant, William Blackford ("Blackford"), answer each of the following Interrogatories separately and fully, in writing and under oath.

## INSTRUCTIONS

    1.    These instructions are to be read and interpreted in accordance with the definitions set forth hereinafter, and answers are to be furnished pursuant to the instructions set forth hereinafter. These instructions and definitions should be construed to require answers based upon the knowledge of, and documents and information available to, the responding party as well as the responding party's agents, representatives, and, unless privileged, attorneys. These instructions and definitions should also be construed to require answers based upon information and documents presently in the custody of any state or federal agency that the responding party has a right or privilege to examine or obtain upon request or demand.

    2.    In accordance with Rule 33, your response shall set forth the interrogatory, and shall set forth the answer to the interrogatory "separately and fully in writing under oath" or "shall state fully the grounds for refusal to answer any interrogatory." The response shall be signed by you. (Standard Instruction (a).)

607670.1
8/1/2007
30462/102329

**EXHIBIT**

**7**

_____

3.      Also in accordance with Rule 33, your answers "shall include all information available" to you "directly or through agents, representative or attorneys." (Standard Instruction (b).)

4.      Pursuant to Rule 33, these interrogatories are continuing. If you obtain further material information before trial you are required to supplement your answers promptly. (Standard Instruction (c).)

5.      If pursuant to Rule 33, you elect to specify and produce business records of yours in answer to any interrogatory, your specification shall be in sufficient detail to enable the interrogatory party to locate and identify the records from which the answer may be ascertained. (Standard Instruction (d).)

6.      If you perceive any ambiguities in a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering. (Standard Instruction (e).)

7.      Where knowledge or information in the possession, custody or control, of a party is requested, such a request includes knowledge of the party's agents, servants, employees, representatives, and, unless privileged, its attorneys.

8.      As to any information responsive to an Interrogatory that is withheld on the ground of privilege, specify the privilege claimed and all facts or circumstances that you contend support the claim of the privilege.

9.      When any copy or copies of any document that should be identified in response to any Interrogatory is or are not identical to the original or any other copy, all such non-identical copies should also be identified.

10.     All Interrogatories phrased in either the disjunctive ("or"), conjunctive ("and"), or both, should be responded to in the manner that makes your response inclusive rather than exclusive.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest possible meaning.

In these Interrogatories, the following definitions apply:

a.      "Document" includes a writing, drawing, graph, chart, photograph, recording, and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form. (Standard General Definition (a).)

b.      "Identify," "identity," or "identification":

2

(1) when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation;

(2) when used in reference to a person other than a natural person, means that person's full name, a description of the nature of the person (that is, whether it is a corporation, partnership, etc. under the definition of person below), and the person's last known address, telephone number, and principal place of business;

(3) when used in reference to any person after the person has been properly identified previously means the person's name; and

(4) when used in reference to a document, requires you to state the date, the author (or, if different, the signer or signers), the addressee, the identity of the present custodian of the document, and the type of document (e.g., letter, memorandum, telegram, or chart) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the Interrogatory. (Standard General Definition (b).)

     c.     "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity. (Standard General Definition (c).)

     d.     "Concerning" means relating to, referring to, describing, evidencing, or constituting.

     e.     "Communication" means the transmittal of information by any means.

     D.     "You" means the person to whom these Interrogatories are addressed.

## INTERROGATORIES

**INTERROGATORY NO. 1**:     Identify all persons who know information pertaining to the allegations in the Complaint or Verified Amended Complaint and provide a detailed summary of the information known to each such person.

**INTERROGATORY NO. 2**:     Identify all persons who were involved in any way in recruiting and/or hiring you and describe the nature of each such person's involvement.

**INTERROGATORY NO. 3**:     Provide information regarding all compensation paid by Beacon Hill to you for services rendered.

3

**INTERROGATORY NO. 4 :**        Identify all customers and prospective customers which you have solicited and/or serviced while employed by Beacon Hill.

**INTERROGATORY NO. 5 :**        Identify all customers and prospective customers which were solicited and/or serviced by you and which entered contracts with Beacon Hill.

**INTERROGATORY NO. 6 :**        Provide the amount of revenue generated by customers which you have solicited and/or serviced while employed by Beacon Hill.

**INTERROGATORY NO. 7 :**        Identify all individuals used to staff customers which you have solicited and/or serviced while employed by Beacon Hill.

**INTERROGATORY NO. 8:**        Identify all individuals who have been recruited or solicited by you to staff Beacon Hill's existing and prospective customers.

**INTERROGATORY NO. 9:**        Identify all persons whom you intend to call to testify at trial as an expert witness and as to each such person describe in detail the substance of the opinions to be expressed, the basis and reasons for each opinion, the data or other information considered in forming the opinions, the exhibits to be used as a summary of or support for the opinions, the qualifications of the witness (including a list of all publications authored by the witness with the preceding 10 years), the compensation to be paid for the study and testimony, and all other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**INTERROGATORY NO. 10:**        Identify all persons employed by RCM whom you have recruited, encouraged, or induced to be employees of Beacon Hill.

**INTERROGATORY NO. 11:**        Identify all customers and prospective customers which you solicited or serviced while employed by RCM.

4

Respectfully submitted,

R. Michael Smith (D.C. Bar No. 372654)
Charles R. Bacharach (D.C. Bar No.448842)
Gordon, Feinblatt, Rothman,
  Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland  21202-3332
410-576-4174
Attorneys for RCM Technologies, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on August 3, 2007, a copy of the foregoing Plaintiff's First

Set of Interrogatories to William Blackford was mailed, first-class, postage prepaid, to:

Edward J. Longosz, II
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Ave., NW
Suite 1200
Washington, D.C.  20006

Robert W. Levy
Eckert Seamans Cherin & Mellott, LLC
One International Place
18th Floor
Boston, MA 02110-2602

Scott Baillie
14906 McKisson Court
# A
Silver Spring, MD  20906

5

607670.1
8/1/2007
30462/102329

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RCM Technologies, Inc.,       *     **Case No. 1:07-CV-00670-JDB**

      **Plaintiff,**       *

**vs.**

                     *

**Beacon Hill Staffing Group, LLC,** *et al.,*

                     *

      **Defendants.**

                     *

*    *    *    *    *    *    *    *    *    *    *    *    *

## PLAINTIFF'S FIRST REQUEST TO WILLIAM BLACKFORD FOR PRODUCTION OF DOCUMENTS

      TO:         William Blackford, Defendant

      FROM:     RCM Technologies, Inc., Plaintiff

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff, RCM, Technologies, Inc. ("RCM"), requests Defendant, William Blackford ("Blackford"), to produce for inspection and copying the documents, property and other tangible things described below. The documents, property and other tangible things designated in this Request for Production of Documents shall be produced at the offices of Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC, 233 East Redwood Street, Baltimore, Maryland 21202 pursuant to the Federal Rules.

## INSTRUCTIONS

The term "document" as used herein shall include, but is not limited to, the original and any non-identical copy of any paper, pamphlet, brochure, periodical, literature, letter, memorandum, magazine, telegram, telex, cable, other correspondence, report, record, newspaper article, study, note, diary, working paper, chart, book, graph, index, floppy disk, removable hard disk, computer generated tape, any magnetic medium, data sheet or data processing card, time sheet, computation, schedule contract, analysis, summary, instruction, brief, pleading, or other

**EXHIBIT**

**8**

litigation paper, transcript, or any accounting or draft of preliminary copy of any of the foregoing, together with any attachments, inclusions, enclosures, and annotations thereof or thereto, as well as any other tangible thing on which information is recorded in writing, sound, pictures, punches, circuits, programs, or other manner, including supporting, underlying, or prefatory material, however produced or reproduced, to which you have had any access whether or not in your present possession, custody or control.  Any handwritten notation of any kind on any copy or original of any document renders it non-identical.

All requests for documents in your possession or control include those in the possession or control of your agents, employees, representatives and counsel.  If a privilege is asserted with respect to any document, please identify that document and state the nature of the privilege.

If any document was, but no longer is in y our possession or control, describe the document, stating the date it was made, the writer, the recipient, and the contents of the document, and  state what disposition was made of it, when, and by whom.

The term "you" or any variation thereof shall refer to Ayers.

## DOCUMENTS TO BE PRODUCED

1.    All documents, including but not limited to notes of conversations, personnel files, contracts, offer letters, and job applications, which contain information regarding Beacon Hill Staffing Group, LLC's ("Beacon Hill") recruitment, hiring, and/or employment of you.

2.    All job descriptions which contain information regarding the duties performed by you.

3.    All company directories and organization charts and diagrams which contain information pertaining to Beacon Hill's Washington, D.C. office ("the D.C. Office").

607686.1
8/1/2007
30462/102329

4.     All documents, including but not limited to payroll records, paycheck stubs, and W-2 Forms, which contain information regarding any form of compensation paid by Beacon Hill to you.

5.     All documents, including but not limited to internal or external announcements, office leases, and sales and business plans, which contain information regarding the opening and/or staffing of the D.C. Office.

6.     All documents, including but not limited to proposals, correspondence, and notes of conversations, which contain information regarding the identity of customers and prospective customers which you have solicited and/or serviced while employed by Beacon Hill.

7.     All documents which contain information regarding contracts signed by customers which you have solicited and/or serviced while employed by Beacon Hill.

8.     All documents which contain information regarding revenue generated by customers which you have solicited and/or serviced while employed by Beacon Hill.

9.     All documents which contain information, including but not limited to contracts, job applications, offer letters, resumes, and notes of conversations, which contain information regarding individuals used to staff customers which you have solicited and/or serviced while employed by Beacon Hill.

10.     All documents, including but not limited to advertisements, correspondence, and notes of conversations, which contain information regarding any individuals who have been recruited or solicited by you to staff Beacon Hill's existing and prospective customers.

11.     All documents which contain information regarding any agreement or promise to defend, indemnify, and/or hold harmless you and/or pay your attorneys' fees in the event that RCM filed a lawsuit against you.

3

12.    All documents which contain information regarding any internal or external announcement or advertisement by Beacon Hill of the hiring or employment of you.

13.    All documents, including but not limited to calendars, logs, memoranda, and reports, which contain information regarding any meetings of you with any customers or prospective customers of Beacon Hill.

14.    All documents and other items which you obtained while employed by RCM and are still in your possession, custody, or control.

15.    All contracts which Beacon Hill has required you to sign and which restrict your from working for a competitor and/or soliciting Beacon Hill's customers.

16.    All documents, including but not limited to vouchers, memorandums, and reports, which contain information regarding expenses incurred by you in the course of performing services for Beacon Hill in connection with: (a) soliciting and/or servicing any customer or prospective customer; and/or (b) recruiting, hiring, and/or retaining any personnel who would be used to staff Beacon Hill's customers or prospective customers.

17.    All documents which are not described by another Request and which contain information regarding the allegations in the Verified Amended Complaint or Complaint.

Respectfully submitted,

_____

R. Michael Smith (D.C. Bar No. 372654)
Charles R. Bacharach (D.C. Bar No.448842)
Gordon, Feinblatt, Rothman,
  Hoffberger & Hollander, LLC
233 East Redwood Street
Baltimore, Maryland  21202-3332
410-576-4174
Attorneys for RCM Technologies, Inc.

4

607686.1
8/1/2007
30462/102329

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on August **3**, 2007, a copy of the foregoing Plaintiff's First

Request to William Blackford for Production of Documents was mailed, first-class, postage

prepaid, to:

Edward J. Longosz, II
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Ave., NW
Suite 1200
Washington, D.C.  20006

Robert W. Levy
Eckert Seamans Cherin & Mellott, LLC
One International Place
18th Floor
Boston, MA 02110-2602

Scott Baillie
14906 McKisson Court
# A
Silver Spring, MD  20906

5