**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **RCM Technologies** | * | **Case No. 1:07-cv-00670-JDB** |
| **Plaintiff,** | * | |
| **vs.** | * | |
| **Beacon Hill Staffing Group, LLC, *et al.*** | * | |
| **Defendants.** | * | |

FILED
SEP 0 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

* * * * * * * * * * * * *

**STIPULATED ORDER REGARDING**
**CONFIDENTIALITY OF DISCOVERY MATERIAL**

The parties have stipulated that certain discovery material be treated as confidential. Accordingly, the Court orders as follows:

1. Designation of Discovery Materials as Confidential. All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information. The parties anticipate

designating as Confidential testimony, responses to written discovery requests, and documents which include information pertaining to the parties' business and marketing plans, profit margins, employee compensation, identities of personnel used to staff customers, and customer identities, contracts, points of contact, staffing preferences, and prospective staffing requirements. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven (7) business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL", as described above, shall also be deemed to be designated as "CONFIDENTIAL".

(c) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to the parties and employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence pursuant to the terms of ¶2 of this Order.

(e) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. In the case of persons specified in ¶1(d)(iv) above, counsel shall obtain from each such person a signed acknowledgment, in the form attached hereto as Exhibit A, that the person:

(a) is familiar with the terms of this Order and agrees to comply with and be bound by them; and

(b) submits to the Court's jurisdiction for purposes of enforcement of this Order.

Within seven (7) days after making a disclosure authorized by ¶1, counsel making such disclosure shall provide to opposing counsel the original acknowledgments described above, together with the full names and addresses of each signer, and a description of the confidential documents and/or information disclosed to each signer, and shall serve upon opposing counsel a written notice identifying the documents and/or information disclosed, and the number of people to whom each disclosure was made.

3. At the conclusion of this litigation, counsel shall request that each person who has received or obtained confidential documents, or information contained or derived from such documents return all confidential information in his or her possession immediately. The request shall include notification to the recipients that the litigation has concluded. Copies of such requests shall be served upon counsel for the opposing party. Within fourteen (14) days of receipt of notice of the conclusion of this litigation, each person who has received or obtained confidential documents, or information contained or derived from such documents, pursuant to this Order shall:

(a) return to counsel all such documents and all documentary materials reflecting information contained in or derived from such documents which are in his/her possession, custody or control; and

(b) serve upon counsel an affidavit that he/she has returned all confidential documents and information.

4. Confidential Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope or box marked "SEALED PURSUANT TO ORDER OF COURT DATED ________________" and containing such other information as is required by Local Rule 5.1(j)(2), together with a motion to seal pursuant to Local Rule 5.1(j)(1). Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under ¶5 of this Confidentiality Order.

5. Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection.

6. Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

7. Return of Confidential Material at Conclusion of Litigation. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence

shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

8. By their signatures to this agreement, counsel for the parties signify their understanding of it and their agreement to abide by its terms unless and until it is modified or superseded by further Order of this Court.

Respectfully submitted,

/s/

R. Michael Smith (D.C. Bar No. 372654)
Charles R. Bacharach (D.C. Bar No. 448842
Gordon, Feinblatt, Rothman,
Hoffberger & Hollander, LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland 21202
410/576-4174

/s/

Edward J. Longosz, II (DC Bar No. 368932)
Mark A. Johnston (DC Bar NO. 455764)
Eckert Seamans Cherin & Mellott, LLC
1747 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 659-6600

Of Counsel:

Robert W. Levy
Eckert Seamans Cherin & Mellott, LLC
One International Place
18th Floor
Boston, MA 02110-2602
(617) 342-6800
Attorneys for Defendants

SO ORDERED:

John D. Bates, United Sates District Judge

Dated: Sept. 4, 2007



630796.1
9/4/2007
30462/102329

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **RCM Technologies** | * | **Case No. 1:07-cv-00670-JDB** |
| **Plaintiff,** | * | |
| **vs.** | * | |
| **Beacon Hill Staffing Group, LLC, *et al.*** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

**EXHIBIT A – ACKNOWLEDGMENT PURSUANT TO PROTECTIVE ORDER**

KNOWN ALL MEN BY THESE PRESENTS:

The undersigned states as follows:

I. That I have been retained as an expert witness and/or consultant by counsel for Plaintiff and/or Defendants in the above-captioned matter:

(a) That in this capacity I have been informed and have read the provisions of a document entitled PROTECTIVE ORDER the subject of which was ruled upon on the _____ day of ___________________, 2007;

(b) Further, that I have been requested to consult with the Plaintiff and/or Defendants concerning those documents which constitute a portion of the subject matter of said PROTECTIVE ORDER;

(c) That I state as follows:

1. That for the purpose of enforcing the aforesaid PROTECTIVE ORDER, I submit to the personal jurisdiction of the Court captioned above;

2. That I will not disclose, discuss, write, or otherwise convey the documents which are the subject of the PROTECTIVE ORDER or the contents of or information in such documents, to anyone other than the Plaintiff, Defendants or their respective experts or consultants;

3. That I shall, at the conclusion of the subject case, deliver to Plaintiff and/or Defendants for transmission to counsel for ___________, all documents which are the subject of the PROTECTIVE ORDER and any and all notes, compilations, photographs, memos, etc., which refer to the documents which are the subject of the PROTECTIVE ORDER or contents of, or information in, said documents.

(d) That I understand that a violation of this agreement by the undersigned is a violation of the PROTECTIVE ORDER and may be punishable by sanctions imposed by the Court, including but not limited to, citation for contempt.

I solemnly affirm under the penalty of perjury that I have read and shall comply with the PROTECTIVE ORDER.

_________________________________

Date: ________________________, 2007